[Cite as *State v. Jones*, 2013-Ohio-2616.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2012-L-072** |
| JOHN M. JONES, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 12 CR 000165.

Judgment: Reversed and remanded.

*Charles E. Coulson*, Lake County Prosecutor, and *Alana A. Rezaee*, Assistant Prosecutor, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Werner G. Barthol*, Werner G. Barthol Co., L.P.A., 7327 Center Street, Mentor, OH 44060 (For Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, John M. Jones, appeals the judgment of the Lake County Court of Common Pleas ordering him to pay restitution in the amount of $17,850 to the victim of his criminal act, less any recovery from the police impound. For the following reasons, we reverse and remand the matter for proceedings consistent with this opinion.

**{¶2}** Appellant entered a plea of guilty to attempted engaging in a pattern of corrupt activity, a felony of the third degree, in violation of R.C. 2923.02 and R.C. 2923.32(A)(1); grand theft of a motor vehicle, a felony of the fourth degree, in violation of R.C. 2913.02(A)(1); and two counts of receiving stolen property, misdemeanors of the first degree, in violation of R.C. 2913.51.

**{¶3}** The trial court determined that appellant was able to pay, or was likely in the future to be able to pay, a financial sanction of restitution to the victims of his criminal acts. The trial court ordered appellant to pay $17,850.27 to victim Mike Bunt. Said amount is included in the fine on count one, attempted engaging in a pattern of corrupt activity, a third-degree felony. Subsequently, the prosecuting attorney filed a notice of total value of recovered property belonging to Mr. Bunt in the amount of $2,865. There has been no appeal or other objection noted with regard to this amount.

**{¶4}** Appellant filed a notice of appeal and asserts the following assigned error:

**{¶5}** "The trial court's ordering appellant to pay restitution in an amount that was not reasonably certain and exceeded the statutory value range for a misdemeanor charge of receiving stolen property was contrary to law."

**{¶6}** At the outset, we note the state indicates in its brief that, because a notice of total value of recovered property was filed and the trial court did not subsequently adjust the amount of restitution ordered, this case should be remanded for that purpose. We agree. At issue is not only calculation of the restitution, but calculation of the ultimate restitution-based fine.

**{¶7}** At the sentencing hearing, the trial court stated that it multiplied the total loss with respect to Mr. Bunt—i.e., $17,850.27—by three, for a total of $53,550.81 or

three times the gross total loss. This amount represents the fine imposed pursuant to R.C. 2923.32(B)(2)(a). As the trial court noted in its judgment entry of sentencing, appellant's restitution toward Mr. Bunt was in the amount of $17,850.27, "* * * (less any recovery from the police impound), the victims' economic loss." That recovery amount is reported to be $2,850. Based on the trial court's calculation of the *fine*, by multiplying three times the gross total loss, it appears the trial court may have intended to subject appellant to a fine of $44,955.81 on count one. However, while the trial court made clear that the amount of *restitution* was to be credited by the value of the recovered items, it is not clear whether the corresponding fine imposed pursuant to R.C. 2923.32(B)(2) was to be adjusted as well. On remand, the trial court, having the information available concerning the value of the recovered property to be credited, will be able to clarify the calculation with regard to both the restitution *and* the fine imposed.

{¶8} Appellant's issue presented for review under this assignment states:

{¶9} "The trial court abused its discretion by denying Appellant a hearing on the issue of restitution and further erred by imposing a 'modifiable' restitution order which exceeded the value range for the misdemeanor charge to which Appellant plead guilty and which was not supported by reliable evidence."

{¶10} In addition to objecting to the failure to afford him a hearing, appellant argues the amount of restitution ordered was speculative because the amount was derived solely from the victim impact statement which was not subject to cross-examination. Appellant also maintains that because receiving stolen property is a misdemeanor, the trial court could only order restitution in an amount less than $1,000.

{¶11} "Prior to imposing a restitution order, a trial court must determine the amount of restitution to a reasonable degree of certainty, ensuring that the amount is supported by competent, credible evidence." *State v. Coldiron*, 12th Dist. No. CA2008-06-062, 2009-Ohio-2105, ¶21. The restitution ordered must "bear a reasonable relationship to the actual loss suffered by the victim * * *." *State v. Stamper*, 12th Dist. No. CA2009-04-115, 2010-Ohio-1939, ¶17.

{¶12} R.C. 2929.18(A)(1) authorizes the trial court to order restitution, based upon the victim's economic loss, as a financial sanction. The statute provides, in part:

{¶13} If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. *If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount.* (Emphasis added).

{¶14} Here, the trial court relied on the 10-page handwritten itemization of Mr. Bunt to determine the value of the property stolen. The trial court then referred to the lengthy list of tools taken from Mr. Bunt's vehicle and workshop. In the sentencing

4

entry, the trial court stated the order of restitution of $17,850.27 was included in, and is part of, the fine ordered in count one—attempted engaging in a pattern of corrupt activity, a felony of the third degree. Moreover, at the sentencing hearing, the trial court stated that appellant's misdemeanor charge of receiving stolen property was part of the underlying charge of count one. In *State v. Hipsher*, 12th Dist. No. CA2011-12-128, 2012-Ohio-3206, the defendant entered a plea to burglary and a first-degree misdemeanor receiving stolen property. *Id.* at ¶2. After conducting a hearing, the trial court determined that the victims' actual economic loss was $6,000. *Id.* The court of appeals confirmed that the restitution amount was not limited to the receiving stolen property value limitation due to the corresponding burglary conviction. *Id.* at ¶9.

{¶15} Appellant cites several cases for the proposition that an award of restitution cannot exceed the value limitation for the misdemeanor theft conviction, to wit: $1,000. However, none of the cases cited include a conviction of an additional felony charge, such as the burglary conviction in *Hipsher*, *supra*, or attempted engaging in a pattern of corrupt activity which defendant pled to in this case. In fact, in *State v. Ratliff*, 194 Ohio App.3d 202, 2011-Ohio-4173, ¶19 (2d Dist.), the court stated:

> {¶16} In this case, we need not decide, and we do not decide, whether a defendant who has, as an express part of a negotiated plea agreement or stipulation, agreed to restitution in an amount in excess of the elements of the offense for which the defendant has been convicted, or has agreed to restitution relating to additional counts that are being dismissed, may be ordered to pay restitution accordingly.

5

{¶17} It seems the best approach for all concerned is that, if a matter of restitution is not apparent from the nature of the plea and charges, there should be some understanding of the restitution parameters *at the time of the plea*. Otherwise, whether a plea was truly knowing or voluntary would be subject to question. However, that is not in question in this case.

{¶18} The restitution contemplated by the attempted engaging in corrupt activity charge is not limited to any specific underlying predicate offense. In addition, when addressing financial sanctions, the legislature specifically limited the fines which might be imposed as set forth in R.C. 2929.28(A)(2) and R.C. 2929.18. However, there is no corresponding limitation to the parameters of a restitution award anywhere in R.C. 2929.28(A)(2).

{¶19} Appellant contends the distinction in this case is insignificant because engaging in a pattern of corrupt activity requires an underlying predicate offense, and the restitution limitation must be limited to the predicate offense for which the defendant was convicted. We disagree. Engaging in a pattern of corrupt activity may involve a multitude of separate and distinct predicate offenses. The nature of the offense would most often be a result of multiple predicate offenses. However, there could be a negotiated plea to only one of those offenses to avoid a lengthy and costly trial. In that case, there would be no justification to limiting a restitution award to the value limitation of the underlying offense. The considerations permitted in determining economic harm under R.C. 2929.18(A)(1), as set forth above, are broader than the value of property taken.

{¶20} With regard to whether there should have been a hearing on the issue of restitution, we note that at the sentencing hearing, the prosecutor initially indicated to the court that the state was seeking no restitution on behalf of Mr. Bunt because all of his tools and equipment had been recovered. The trial court, however, noted that Mr. Bunt presented to the court a 10-page, single-spaced, itemized listing of equipment and tools that he claimed were lost as a result of appellant's conduct. Appellant's counsel objected as he had not seen the list and could not assess its accuracy or authenticity.

{¶21} The state argues that appellant never requested a hearing. There is no requirement for appellant to do so. The statute imposes the duty on the trial court to conduct a hearing if the amount is disputed by the offender, the victim, or the survivor.

{¶22} In this case, appellant's objection, coupled with the state's original assertion that Mr. Bunt's property had been recovered, and given the fact that the value of Mr. Bunt's recovered property allowed for a credit of only $2,865, it is apparent the issue of restitution is unclear at best. Under these circumstances, a meaningful hearing should be conducted that would allow appellant to review the itemized list of property and, at a minimum, compare it to what was recovered and what Mr. Bunt originally reported as stolen.

{¶23} In light of the above, and based on the unique facts of this case, a hearing on the issue of restitution should have been conducted as directed by the statute. In addition, there should be a clarification as to the calculation of the restitution credit and a specific finding as to whether that would adjust the corresponding fine imposed under R.C. 2923.32(B)(2).

{¶24} Appellant's assignment of error is sustained.

{¶25} In addition we note, as stated above, that appellant entered a plea of guilty to Count 1—*attempted* engaging in a pattern of corrupt activity, in violation of R.C. 2923.02 and R.C. 2923.32(A)(1). Here, engaging in a pattern of corrupt activity under R.C. 2923.32 is a second-degree felony. Under the attempt statute, it becomes one degree less, a third-degree felony. At the sentencing hearing, the trial court stated that it multiplied the total loss with respect to the victim, Mr. Bunt—i.e., $17,850.27—by three, for a total of $53,550.81 or three times the gross total loss. This amount represents a fine imposed pursuant to R.C. 2923.32(B)(2)(a), which provides:

{¶26} Notwithstanding the financial sanctions authorized by section 2929.18 of the Revised Code, the court may do all of the following with respect to any person who derives pecuniary value or causes property damage, personal injury other than pain and suffering, or other loss through or by the violation of *this section*:

{¶27} In lieu of the fine authorized by *that* section, impose a fine not exceeding the greater of three times the gross value gained or three times the gross loss caused * * *. (Emphasis added.)

{¶28} Although it has not been raised or briefed by the parties, it seems the provision providing for trebling of the fine may be applicable only to a violation of R.C. 2923.32—engaging in a pattern of corrupt activity. It is not clear this can be done based on a conviction for an attempt of that section. As this case is being remanded to the trial court for an appropriate determination of restitution, this issue may be considered by the trial court and the parties at that time. The issue for the trial court to consider is whether the fine permitted by R.C. 2923.32(B)(2)(a) may be imposed when a defendant

is convicted of *attempted* engaging in a pattern of corrupt activity, or whether the fine for a conviction of the attempt is limited to the amount set forth in the general felony sentencing provisions of R.C. 2929.18.

{¶29} The judgment of the Lake County Court of Common Pleas is hereby reversed, and this case is remanded for proceedings in accordance with this opinion.

CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.