[Cite as *State v. Meyers*, 2014-Ohio-5610.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2014-A-0020** |
| CHRISTOPHER M. MEYERS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas.
Case No. 2013 CR 00229.

Judgment: Affirmed.

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellee).

*Rebecca Hall*, P.O. Box 242, 34 South Chestnut Street, Suite 300, Jefferson, OH 44047 (For Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Christopher M. Meyers, appeals the judgment of the Ashtabula County Court of Common Pleas, having found him guilty, after a jury trial, of assault on a police officer in violation of R.C. 2903.13(A), a felony of the fourth degree, and resisting arrest in violation of R.C. 2921.33(A), a misdemeanor of the second degree. Based on the following, we affirm.

{¶2} Lieutenant Rodney Blaney of the Ashtabula City Police Department was working the night shift on April 13, 2013, and was called to Bunker Hill Apartments. Upon arriving at the scene, he witnessed appellant and another individual, Dustin Busser, in a struggle, with Mr. Busser holding onto appellant's wrists to restrain him. After instructing them to separate, Lieutenant Blaney began questioning them. At this time, Lieutenant Doug Hollis, also of the Ashtabula City Police Department, arrived at the scene to provide backup for Lieutenant Blaney.

{¶3} At trial, Lieutenant Blaney testified that, throughout his conversation with both appellant and Mr. Busser, it became evident that appellant was heavily intoxicated. Lieutenant Blaney testified that appellant was uncooperative in his requests to provide his personal information. Appellant was drifting, staggering back and forth, swaying from foot to foot, and his clothing was disheveled. Lieutenant Blaney further testified that appellant had gravel and mud stuck to the side of his face and constantly spit on the ground, in all directions. When appellant began to spit toward Lieutenant Blaney, he was advised to cease this behavior or he would be arrested. Appellant, however, continued to be belligerent and refused to answer any of Lieutenant Blaney's questions. Mr. Busser provided Lieutenant Blaney with appellant's name, his own personal information, and the reasons for their struggle.

{¶4} Lieutenant Blaney continued his attempt to obtain more information from appellant, but appellant would sometimes speak clearly, then ramble and make growling sounds when he spoke. During this, appellant asked if he could smoke a cigarette. Lieutenant Blaney permitted him, with the hope that appellant would become more cooperative. But when appellant's behavior persisted, Lieutenant Blaney warned him

2

that he was going to arrest appellant if he failed to comply. In response, appellant's growling intensified, and he launched toward Lieutenant Blaney, making direct contact with Lieutenant Blaney's upper chest/lower neck area. A struggle ensued between the two and continued until Lieutenant Hollis utilized his taser on appellant. Lieutenant Blaney was then able to handcuff appellant. Appellant was transported to the police station. At the station, appellant continued his growling and combative behavior; he also threatened to kill Lieutenant Hollis. Appellant was placed in a restraint chair for the remainder of the night. When appellant awoke the next day, he indicated he had no recollection of the previous night's events.

{¶5} At trial, Lieutenant Hollis corroborated Lieutenant Blaney's account of the incident.

{¶6} Mr. Eric Hemphill, the manager of Bunker Hill Apartments, also testified. Mr. Hemphill testified that, prior to the lieutenants' arrival, he was awakened by noise generated by appellant and Mr. Busser. He spoke with Mr. Busser, who informed him that appellant was intoxicated and Mr. Busser was trying to get him home. Mr. Hemphill went back inside but when he received calls from other tenants in the building complaining about the noise, he went back outside and saw Lieutenant Blaney's vehicle approaching the scene. Mr. Hemphill remained in his patio area and testified that he was able to observe the incident. He testified that appellant refused to answer Lieutenant Blaney's questions, and he observed appellant push Lieutenant Blaney.

{¶7} At trial, Mr. Busser testified that he had been with appellant earlier that night at a bar with several friends drinking alcohol. Mr. Busser left the bar to visit his girlfriend, but later traveled to the apartment complex to meet his friends. Mr. Busser

3

stated that he observed two friends trying to put appellant, who was clearly intoxicated, in his truck to "sleep it off." When the friends gave up and returned to their apartment, Mr. Busser testified that he then attempted to put appellant into his vehicle, struggling with him for approximately 15-20 minutes before the police arrived. Mr. Busser confirmed that appellant refused to provide Lieutenant Blaney his social security number. Mr. Busser testified that when he observed one of the lieutenants stepping forward in response to appellant's movement, he turned and stepped back. When Mr. Busser turned, he saw appellant on the ground growling. Mr. Busser testified that he neither saw appellant make actual contact with Lieutenant Blaney nor did he see him spitting throughout their conversation.

{¶8} The jury found appellant guilty of both charges; he was sentenced to a two-year term of community control for each count, to be served concurrently.

{¶9} Appellant filed a timely notice of appeal and asserts the following assignment of error for our review:

{¶10} "Defendant was denied effective assistance of counsel when trial counsel failed to request a jury instruction of disorderly conduct as a lesser included offense of assault of a police officer."

{¶11} On appeal, appellant argues his trial counsel was ineffective for failing to request a jury instruction of disorderly conduct, a lesser included offense of assault of a police officer.

{¶12} In order to prevail on an ineffective assistance of counsel claim, the appellant must demonstrate from the record that trial counsel's performance fell below an objective standard of reasonable representation and that there is a reasonable

4

probability that, but for counsel's error, the result of the proceeding would have been different. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus, applying the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). If a claim of ineffective assistance can be disposed of by showing a lack of sufficient prejudice, there is no need to consider the first prong, i.e., whether trial counsels performance was deficient. *Bradley* at 143, citing *Strickland* at 697. There is a general presumption that trial counsel's conduct is within the broad range of competent professional assistance. *Id.* at 142.

{¶13} Furthermore, decisions on strategy and trial tactics are generally granted wide latitude in professional judgment, and it is not the duty of a reviewing court to analyze trial counsel's legal tactics and maneuvers. *State v. Gau*, 11th Dist. Ashtabula No. 2005-A-0082, 2006-Ohio-6531, ¶35, citing *Strickland* at 689. Debatable trial tactics and strategies do not constitute ineffective assistance of counsel. *State v. Phillips*, 74 Ohio St.3d 72, 85 (1995), citing *State v. Clayton*, 62 Ohio St.2d 45, 49 (1980).

{¶14} An offense may be considered a lesser included offense of another when (1) one offense carries a greater penalty than the other; (2) the greater offense cannot be committed without the lesser offense also being committed; and (3) some element of the greater offense is not required to prove the commission of the lesser offense. *State v. Evans*, 122 Ohio St.3d 381, 2009-Ohio-2974, paragraph two of the syllabus. Further, while an offense may be statutorily defined as a lesser included offense, an instruction to the jury on the lesser offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon

5

the lesser offense. *State v. Thomas*, 40 Ohio St.3d 213 (1988), paragraph two of the syllabus.

{¶15} Although disorderly conduct is a lesser included offense of assault, an instruction is only required if the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction on the lesser included offense. *See State v. Latessa*, 11th Dist. Lake No. 2006-L-108, 2007-Ohio-3373, ¶47 ("The Ohio Supreme Court appears to have recently settled the issue in favor of those districts which have held that minor misdemeanor disorderly conduct is, indeed, a lesser included offense of assault.").

{¶16} Assault, pursuant to R.C. 2903.13(A), provides that "[n]o person shall knowingly cause or attempt to cause physical harm to another * * *." Where the victim of the offense is a police officer performing official duties, the assault is classified as a felony of the fourth degree. R.C. 2903.13(C)(5).

{¶17} Here, the evidence did not reasonably support acquittal of assault on a police officer. As a result, a jury instruction on the lesser included offense of disorderly conduct was not warranted in this matter. We decline to find trial counsel ineffective for failing to request such an instruction.

{¶18} Appellant's assignment of error is without merit.

{¶19} The judgment of the Ashtabula County Court of Common Pleas is hereby affirmed.

CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.

6