[Cite as *State v. Jevnikar*, 2016-Ohio-8113.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NOS.  2016-L-006<br>and  2016-L-007** |
| JOHN A. JEVNIKAR, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals from the Lake County Court of Common Pleas, Case Nos. 2015 CR 000558 and 2015 CR 000662.

Judgment: Affirmed in part, reversed in part, and remanded.

*Charles E. Coulson,* Lake County Prosecutor, and *Karen A. Sheppert,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Charles R. Grieshammer,* Lake County Public Defender, and *Vanessa R. Clapp,* Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1}   Defendant-appellant, John A. Jevnikar, appeals from his conviction and sentence for Assault and Harassment with a Bodily Substance in the Lake County Court of Common Pleas.  The issues to be determined by this court are whether reversal is appropriate for failure to give a lesser-included offense jury instruction when there is sufficient evidence to convict a defendant on the charged offense, whether a court properly orders restitution based on the total amount of medical bills without considering

insurance, and whether a defendant's sentence is proper when certain facts about events for which the defendant was not convicted are discussed by the judge at sentencing. For the following reasons, we affirm in part and reverse in part the decision of the lower court and remand for further proceedings consistent with this opinion.

{¶2} On September 14, 2015, in Lake County Case No. 15-CR-558, Jevnikar was indicted by the Lake County Grand Jury for Harassment with a Bodily Substance, a felony of the third degree, in violation of R.C. 2921.38(C); and Assault, a misdemeanor of the first degree, in violation of R.C. 2903.13(A). This indictment arose from a confrontation Jevnikar had with a shopper at Giant Eagle, whom he allegedly spit on and hit.

{¶3} On the same date, in Lake County Case No. 15-CR-662, Jevnikar was indicted by the Lake County Grand Jury for two counts of Harassment with a Bodily Substance, felonies of the third and fifth degree, in violation of R.C. 2921.38(B) and (C); Assault, a felony of the fourth degree, in violation of R.C. 2903.13(A); Obstructing Official Business, a felony of the fifth degree, in violation of R.C. 2921.31; and Resisting Arrest, a misdemeanor of the second degree, in violation of R.C. 2921.33(A). These charges arose from an incident in which Jevnikar, among other things, allegedly spit on and kicked a police officer.

{¶4} A trial was held in 15-CR-558 on October 27, 2015. The following testimony was presented.

{¶5} Marsha Bacon was driving to Giant Eagle when she saw a man tailgating her vehicle. Upon exiting the vehicle, the man, Jevnikar, began cursing at her and acting in an angry manner. She believed this was based on her driving since he said, "It was my turn." She "ignored him" but as he walked through the door to enter the store,

she told him to "have a good day." He got close to her and spit in her face, after which time she "slapped him out of reaction." He then "swung back and hit [her] in the throat." Surveillance camera videos showed an interaction between the two, in which the spitting incident is unclear but Jevnikar clearly hit Bacon in the neck area with his arm. Multiple witnesses also testified to seeing Jevnikar hit her in the throat. Later that evening, Bacon went to the emergency room, where a CAT scan was performed, due to her throat swelling and difficulty swallowing. She continues to have stiffness in her neck. Bacon later learned that Jevnikar has AIDS and she had to periodically have blood drawn to check for HIV.

{¶6} Deputy Michael Zgrebnak went to Jevnikar's residence the day after the incident with an arrest warrant and learned from his mother that he has AIDS. He then advised Bacon of this fact.

{¶7} On October 29, 2015, the jury found Jevnikar guilty of Assault but not guilty of Harassment with a Bodily Substance. This verdict was memorialized in a November 2, 2015 Judgment Entry.

{¶8} On November 9, 2015, in Case No. 15-CR-662, a Written Plea of Guilty was filed, in which Jevnikar agreed to enter a plea of guilty to a lesser-included offense of Attempted Harassment with a Bodily Substance, and Assault, felonies of the fourth degree. At the change of plea hearing, the State contended that it would have proven that police suspected Jevnikar of OVI, entered the home where he was staying with his mother's consent, and he refused to obey police commands. He subsequently kicked and spit on a police officer. The entry and acceptance of the guilty plea were documented in a November 10, 2015 Judgment Entry. The remaining charges were dismissed.

3

{¶9} A sentencing hearing for both cases was held on December 14, 2015. Jevnikar's counsel argued that he had been assaulted on the day of the incident with the police and has little recollection of that interaction. Jevnikar explained that he has little chance of infecting others because he takes his medications. In 15-CR-662, Jevnikar was ordered to serve a term of 17 months in prison for Attempted Harassment with a Bodily Substance and 11 months for Assault, to be served consecutively. For 15-CR-558, the court ordered Jevnikar to serve a term of 150 days in jail, concurrent with the foregoing sentence. He was also ordered to pay restitution in the amount of $13,000 in favor of the victim, Bacon. Judgment Entries were issued on December 14, 2015, which outlined the foregoing sentences.

{¶10} Jevnikar timely appeals and raises the following assignments of error:

{¶11} "[1.] The defendant-appellant was deprived of his constitutional rights to fair trial and due process when the trial court failed to give a lesser included jury instruction.

{¶12} "[2.] The trial court erred to the prejudice of the defendant-appellant when it ordered him to pay $13,000 in restitution.

{¶13} "[3.] The defendant-appellant's constitutional rights to due process and fair trial under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution were prejudiced by the ineffective assistance of trial counsel.

{¶14} "[4.] The trial court erred when it imposed a twenty-eight month prison sentence where its findings were not supported by the record and contrary to law."

{¶15} In his first assignment of error, Jevnikar argues that the trial court erred when it did not provide a lesser-included jury instruction of Disorderly Conduct based on

4

the Assault charge in case number 15-CR-558. He argues that Disorderly Conduct was also proven by the facts since he was "reckless," was engaged in a confrontation, yelled at Bacon, she slapped him, and he "hindered her movements through the store when he thrust his arm out to stop her."

{¶16} Since there was no objection to the jury instructions, we review this assignment for plain error under Crim.R. 52(B). *State v. Whitman*, 11th Dist. Ashtabula No. 2013-A-0031, 2013-Ohio-5822, ¶ 37. "Plain error exists only where there is a deviation from a legal rule; the error constitutes an 'obvious' defect in the trial proceeding; and the error affected a defendant's 'substantial rights.'" *State v. Lachance*, 11th Dist. Portage No. 2014-P-0026, 2015-Ohio-2609, ¶ 20, citing *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). "The failure to object to a jury instruction constitutes a waiver of any claim of error relative thereto, unless, but for the error, the outcome of the trial clearly would have been otherwise." *State v. Underwood*, 3 Ohio St.3d 12, 444 N.E.2d 1332 (1983), syllabus.

{¶17} Pursuant to R.C. 2903.13(A), the State was required to prove that Jevnikar "knowingly caus[ed] or attempt[ed] to cause physical harm to another." Disorderly Conduct requires proof that a defendant recklessly caused "inconvenience, annoyance, or alarm" through one of many behaviors, including fighting or creating a "physically offensive" condition. R.C. 2917.11(A)(1) and (5).

{¶18} Disorderly Conduct is a lesser-included offense of Assault. *State v. Meyers*, 11th Dist. Ashtabula No. 2014-A-0020, 2014-Ohio-5610, ¶ 15. However, a jury instruction on a lesser-included offense "is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a

5

conviction upon the lesser included offense." *State v. Thomas*, 40 Ohio St.3d 213, 533 N.E.2d 286 (1988), paragraph two of the syllabus.

{¶19} Courts have held that, when a conviction for the charged offense was supported by sufficient evidence, the failure to give a lesser-included offense instruction is harmless, since the result of the proceedings would not have been different but for the lack of the instruction. *State v. Hake*, 11th Dist. Trumbull No. 2007-T-0091, 2008-Ohio-1332, ¶ 42; *State v. Whitman*, 11th Dist. Ashtabula No. 2013-A-0031, 2013-Ohio-5822*, ¶ 47, citing *State v. Smead*, 2d Dist. Montgomery No. 10922, 1989 Ohio App. LEXIS 392, 11-13 (Feb. 7, 1989) ("We cannot say the outcome of this case would clearly have been otherwise had the instruction on the lesser included offense been given as there was sufficient evidence to support the conviction on the indicted charge" and the jury "did decide beyond a reasonable doubt that there was sufficient proof of a purpose to deprive.").

{¶20} Here, the jury convicted Jevnikar of Assault. The evidence overwhelmingly supported the jury's verdict. Bacon, the victim, as well as two other witnesses testified that Jevnikar hit her in the throat, by thrusting his arm out and "clotheslining" her. The video also shows this incident occurring. This resulted in hospital visits and continuing pain for Bacon. There is no reason to believe that the verdict would have been different had a Disorderly Conduct instruction been given. The evidence presented at trial would not have reasonably supported an acquittal, as is necessary to require a lesser-included instruction.

{¶21} The first assignment of error is without merit.

{¶22} In his second assignment of error, Jevnikar argues that the court committed plain error in its order of restitution. He first argues that the amount ordered was improper.

{¶23} Jevnikar's trial counsel did not raise any error with the award of restitution below. Failure to object to the court's order of restitution constitutes a waiver of all error except plain error. *State v. Bernadine*, 11th Dist. Portage No. 2010-P-0056, 2011-Ohio-4023, ¶ 26.

{¶24} Pursuant to R.C. 2929.28(A)(1), "the court imposing a sentence upon an offender for a misdemeanor" shall "determine the amount of restitution to be paid by the offender."[1] The restitution may be based on "an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense." *Id.*

{¶25} "Prior to imposing a restitution order, a trial court must determine the amount of restitution to a reasonable degree of certainty, ensuring that the amount is supported by competent, credible evidence." (Citation omitted.) *State v. Jones*, 11th Dist. Lake No. 2012-L-072, 2013-Ohio-2616, ¶ 11. "The restitution ordered must 'bear a reasonable relationship to the actual loss suffered by the victim * * *.'" *Id.*, citing *State v. Stamper*, 12th Dist. Butler No. CA2009-04-115, 2010-Ohio-1939, ¶ 17.

---

1. While the briefs cite R.C. 2929.18, it applies when the court is "imposing a sentence upon an offender for a felony." R.C. 2929.18(A). The conviction at issue was for misdemeanor Assault and thus, R.C. 2929.28 applies. Both statutes contain similar requirements for ordering restitution.

{¶26} A review of the medical records provided by Bacon show that at least some services rendered on or after the date she was informed that Jevnikar has AIDS related to the "spitting" incident. Bacon noted on her statement seeking restitution that blood tests were done because of the HIV/AIDS concerns. Jevnikar was acquitted of the Harassment with a Bodily Substance charge. "Generally, an offender cannot be ordered to pay restitution for damages attributed to an offense for which the offender was charged, but not convicted." (Citations omitted.) *Lachance*, 2015-Ohio-2609, at ¶ 17. The trial court made no indication that it took this into consideration. At the sentencing hearing it gave no analysis of its reason for awarding the full restitution of $13,000 that Bacon put on the "total medical bill(s) to date" line of the victim impact statement form. It was plain error not to consider or calculate whether any of the medical bills included related to the incident for which Jevnikar was acquitted.

{¶27} In addition, Jevnikar notes that some of the cost of the medical treatment may be covered by insurance. A review of Bacon's statement accompanying the medical bills indicates that the amount covered by insurance is "in review." An examination of the limited medical records submitted does not clearly indicate which portion of the expenses may be or has been covered by insurance. It is clear restitution to the victim includes uncovered expenses. The court made no statement on the record to show that it has considered this issue, even though the amount of restitution awarded was the total amount of the bills submitted. The court is required to consider insurance payments made with regard to the victim's medical bills prior to ordering restitution and failure to do so requires a remand to consider this issue. *State v. Mobley-Melbar*, 8th Dist. Cuyahoga No. 92314, 2010-Ohio-3177, ¶ 42.

{¶28} Based on the foregoing, the information contained in the PSI and the accompanying medical records submitted by the victim do not justify the amount of the restitution award. We reverse as to this issue for the trial court to reconsider the matter of restitution, and hold a hearing, if necessary, in light of the foregoing analysis.

{¶29} Jevnikar also argues that the court erred in finding that he has the ability to pay the restitution, given that he is unable to work and has AIDS. He argues that it is "unlikely that he can now or will ever be able to pay a restitution order as large as the one ordered in this case."

{¶30} Jevnikar emphasizes his inability to pay the "large" restitution order. It is unclear whether he believes he would be able to pay a smaller order. Given that the restitution order is reversed, the amount that he is required to pay may change.

{¶31} Regardless, there is no plain error evident in the trial court's determination that Jevnikar has the present and future ability to pay restitution. Pursuant to R.C. 2929.28(B), the trial court "may hold a hearing to determine whether the offender is able to pay the financial sanction imposed pursuant to this section or court costs or is likely in the future to be able to pay the sanction or costs." Courts have interpreted this to require that "there must be 'some evidence in the record that the court considered the defendant's present and future ability to pay the sanction imposed.'" (Citations omitted.) *State v. Flanagan*, 11th Dist. Ashtabula No. 2015-A-0020, 2015-Ohio-5528, ¶ 48; *State v. Donaldson*, 6th Dist. Lucas No. L-11-1264, 2012-Ohio-6064, ¶ 27. It has been repeatedly held that, in ordering restitution, "a court is merely required to consider the offender's present and future ability to pay." *State v. Bielek*, 11th Dist. Lake No. 2010-L-029, 2010-Ohio-5402, ¶ 11.

**{¶32}** The trial court judge stated at the hearing and in the Judgment Entry that the court considered Jevnikar's ability to pay. The court was aware of Jevnikar's health problems and work status through testimony and the PSI report, including that he does work around the house for his mother and that he was "working on a side job" in Akron on the day after the incident at Giant Eagle. When a court "expressly stated it determined the defendant is able to pay or likely to be able to pay restitution," this indicates that the court adequately considered the defendant's ability to pay. *State v. McNaughton*, 11th Dist. Lake No. 2011-L-083, 2012-Ohio-1271, ¶ 31. Based on this, the court complied with the requirements to consider Jevnikar's ability to pay.

**{¶33}** The second assignment of error is with merit, to the extent discussed above.

**{¶34}** In his third assignment of error, Jevnikar argues that trial counsel was ineffective for the reasons outlined in the previous two assignments of error.

**{¶35}** To prevail on an ineffective assistance of counsel claim, the defendant must prove "(1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding." *State v. Madrigal*, 87 Ohio St.3d 378, 388-389, 721 N.E.2d 52 (2000), citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**{¶36}** Regarding the amount of restitution, given the analysis and disposition of the second assignment of error, this argument is moot. *In re T.C.*, 8th Dist. Cuyahoga No. 102632, 2015-Ohio-4384, ¶ 19. In addition, since the trial court complied with the statute in finding that Jevnikar had the ability to pay restitution, trial counsel was not ineffective.

10

{¶37} Regarding the failure to object to the jury instructions, as described above, a lesser-included instruction was not necessary since there was no reasonable ground for acquittal on the Assault charge and no prejudice to Jevnikar resulted. *See Whitman*, 2013-Ohio-5822, at ¶ 48 (ineffective assistance claim failed since "no prejudice resulted from the failure to object to the jury instructions given").

{¶38} The third assignment of error is without merit.

{¶39} In his fourth assignment of error, Jevnikar argues that his sentence is not supported by the record and is contrary to law.

{¶40} "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14, or * * * [t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(a) and (b).

{¶41} Where the sentence imposed does "not require the findings that R.C. 2953.08(G) specifically addresses * * *, it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23. "That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Id.*

11

**{¶42}** Jevnikar argues that in Case No. 15-CR-662, the court considered facts for which he was not convicted in reaching its sentencing determination.

**{¶43}** At the sentencing hearing, the trial court stated, when discussing the harm to victims factor, that an officer had "a steel [taser] probe in [his] thumb * * * as a result of the Defendant thrashing backward at the home." It also noted that Jevnikar had kicked and spit on an officer, which resulted in the charges he pled guilty to in 15-CR-662.

**{¶44}** While it is apparent from the change of plea hearing that the convictions in 15-CR-662 were not based on the issue with the taser probe but from Jevnikar kicking and spitting on an officer, the court clearly considered all of the facts available to it, including the police reports in the PSI, to determine its sentence. The statement regarding the taser merely acknowledged Jevnikar's behavior during the whole course of conduct giving rise to the convictions in 15-CR-662, which included being uncooperative with police, struggling, failing to comply with instructions, and ultimately culminated in the kicking and spitting. The court's goal is to "impos[e] an appropriate sentence based upon the seriousness of the crime committed and the character of the defendant," and "the evidence the court may consider is not confined to the evidence that strictly relates to the conviction offense because the court is no longer concerned, like it was during trial, with the narrow issue of guilt." (Citations omitted.) *State v. Bowser*, 186 Ohio App.3d 162, 2010-Ohio-951, 926 N.E.2d 714, ¶ 14 (2d Dist.); *see also State v. Williams*, 11th Dist. Lake Nos. 2007-L-131 and 2007-L-137, 2008-Ohio-2122, ¶ 36 (a court's sentence is "based upon many contextual factors"). We do not find that the court's comment rendered the sentence contrary to law.

{¶45} Jevnikar also argues that the court did not take into consideration mitigating circumstances, including the fact that he had been attacked prior to the incident with the police in 15-CR-662 and had no recollection of the events giving rise to the charges against him, yet he accepted responsibility and apologized to the police officer.

{¶46} There is nothing in the record to indicate that the court failed to take this into account. The court stated that it considered the required factors for sentencing, including those in R.C. 2929.11 and 2929.12. "The trial court is not obligated * * * to give any particular weight or consideration to any sentencing factor." *State v. Holin*, 174 Ohio App.3d 1, 2007-Ohio-6255, 880 N.E.2d 515, ¶ 34 (11th Dist.). The court was entitled to find that the foregoing did not mitigate the conduct of Jevnikar, especially when weighing other factors, including his past criminal history and the fact that he was on bond awaiting trial when the offenses in 15-CR-662 were committed. There is no basis to hold that the court erred in considering and weighing these factors in reaching its sentence.

{¶47} The fourth assignment of error is without merit.

{¶48} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. Costs to be taxed against the parties equally.


THOMAS R. WRIGHT, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

13