KEATON, Appellant,

v.

ABBRUZZESE BROS., INC., et al., Appellees.

[Cite as *Keaton v. Abbruzzese Bros., Inc.,* 189 Ohio App.3d 737, 2010-Ohio-3969.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 09AP–1146.

Decided Aug. 24, 2010.

Philip J. Fulton Law Office, Michael P. Dusseau, and Ross R. Fulton, for appellant.

Richard Cordray, Attorney General, and Charissa D. Payer, Senior Assistant Attorney General, for appellees.

———————

McGrath, Judge.

{¶ 1} Appellant, Mark A. Keaton, appeals from a judgment of the Franklin County Court of Common Pleas entered upon a jury verdict in favor of appellees, Abbruzzese Bros., Inc. ("Abbruzzese") and the Industrial Commission of Ohio, finding that appellant was not entitled to participate in the state insurance fund for the condition of disc protrusion L5–S1.

{¶ 2} The underlying facts in this case are undisputed. Appellant was injured on October 7, 2004, in the course and scope of his employment with Abbruzzese, and a workers' compensation claim was allowed for multiple conditions. Thereafter, appellant requested an additional allowance of "L5–S1 Disc Protrusion." In support of his request, appellant relied on the medical report of Charles J. Kistler, D.O. The request for the additional claim was denied at all administrative levels; therefore, in accordance with R.C. 4123.512, appellant filed an appeal with the Franklin County Court of Common Pleas.

{¶ 3} In preparation for trial, Dr. Kistler's deposition was taken, at which time appellant's counsel objected to a line of questioning on cross-examination. A day prior to the jury trial conducted by a visiting judge, the assigned judge reviewed the deposition and overruled appellant's objections. The jury heard the evidence, and after deliberations rendered a verdict in favor of appellees, finding that appellant was not entitled to the requested condition of L5–S1 disc protrusion.

{¶ 4} This appeal followed, and appellant brings the following assignment of error for our review:

The trial court committed an abuse of discretion when it allowed the cross examination testimony of Dr. Kistler's prior criminal conviction.

{¶ 5} "The admission of evidence is generally within the sound discretion of the trial court, and a reviewing court may reverse only upon the showing of an abuse of that discretion." *Peters v. Ohio State Lottery Comm.* (1992), 63 Ohio St.3d 296, 299, 587 N.E.2d 290. An abuse of discretion connotes more than an error of law or judgment; it entails a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

■ {¶ 6} At issue here is the cross-examination of Dr. Kistler and questions pertaining to his prior criminal conviction as depicted in the following exchange:

Q. You also mentioned earlier that you had trouble getting an MRI approved, correct?

A. Yes.

Q. And you said it had something to do with the HPP?

A. Yeah. The MCO would—has to approve any of the testing, yes.

Q. Now HPP is Health Partnership Program?

A. Yes.

Q. And the Health Partnership Program is comprised of the physicians that the Bureau of Workers' Compensation approves to financially compensate for seeing injured workers?

A. No, I—the way I understand it that Health Partnership—the Health Partnership providers can be anything from diagnostic testing, places like MRI, x-ray places, to physicians, to hospitals, to anybody that's a part of the— certified at the workers' compensation program to provide services.

Q. Well, for a doctor to bill the Bureau for seeing an injured worker, they have to be HPP certified, correct?

A. The way I understand it the only—the criteria on that is that you can bill the Bureau but the Bureau will not pay you if you're not HPP certified by them.

Q. You are currently not HPP certified, correct?

[Appellant's counsel]: Objection.

That's correct.

Q. You are not HPP certified because you had a felony conviction in Florida?

[Appellant's counsel]: Objection. I'm going to move a continuing objection to this line of questioning. I won't keep interrupting if you'll admit a continuing line of objections.

[Appellee's counsel]: Okay. And he opened the door and it is relevant to his credibility.

A. The way I understand it, the reason I'm not HPP certified by the Bureau any longer is because they would not accept my reapplication. And it was because they wrongly certified me in the first place when they certified me over ten years ago.

Q. And when they wrong—they wrongly certified you because you had a felony conviction in Florida, correct?

A. You know, I'm presuming that that's the—that's the reason. But that wasn't the reason that they gave me.

Q. Well, you did have a felony conviction in Florida in 1981, correct?

A. Yes.

Q. And it was for insurance fraud?

A. Yes.

Q. You filed false and inflated medical bills to insurance company?

A. That's what the allegation was, yes.

Q. And you pled guilty to that?

A. Yes.

Q. You prepared and costly prepared false medical records?

A. No, that's not true.

Q. Well, you submitted false medical bills?

A. I believe that's what it said, yes.

Q. Well, that's what you pled guilty to, correct?

A. Yes.

At this time, cross-examination concluded.

{¶ 7} Evid.R. 609 provides:

(A) For the purpose of attacking the credibility of a witness:

* * *

(3) notwithstanding Evid.R. 403(A), but subject to Evid.R. 403(B), evidence that any witness, including an accused, has been convicted of a crime is admissible if the crime involved dishonesty or false statement, regardless of the punishment and whether based upon state or federal statute or local ordinance.

(B) Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement, or the termination of community control sanctions, post-release control, or probation, shock probation, parole, or shock parole imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than ten years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

{¶ 8} It is appellant's contention that pursuant to Evid.R. 609(B), evidence of Dr. Kistler's prior criminal conviction would be admissible only if the probative value substantially outweighed its prejudicial effect. Because the prior conviction is unrelated to Dr. Kistler's opinion regarding causation and diagnosis, appellant

contends, the probative value is minimal. To the contrary, appellees contend that the testimony is relevant because that it explains why Dr. Kistler was decertified from the Health Partnership Program ("HPP"), a fact that was brought out on direct examination.

{¶ 9} Indeed, during Dr. Kistler's examination the following occurred:

[Appellant]: Well, with the HPP program we had to request it to get an approval from workers' comp. And we could not get that. So all this period of time his back is getting worse, his back is getting worse, his back is getting worse.

Thereafter, Dr. Kistler testified that the MRI was subsequently provided by appellant's health insurance.

{¶ 10} As mentioned previously, the assigned trial judge reviewed Dr. Kistler's deposition the day prior to the jury trial conducted by a visiting judge. It appears from the record before us that the assigned judge called the parties to notify them that he was overruling appellant's objections, but the record is silent as to his reasoning for admitting the evidence.

{¶ 11} It is undisputed that appellant's criminal conviction occurred in 1981. Consequently, pursuant to Evid.R. 609(B), evidence of Dr. Kistler's conviction was not admissible unless the trial court determined "in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." "Generally, convictions over ten years old rarely should be admitted under Evid.R. 609(B), and only in exceptional circumstances." *Ruff v. Bowden* (Mar. 28, 1995), 10th Dist. No. 94APE08–1116, 1995 WL 141045, citing *Lenard v. Argento* (C.A.7, 1983), 699 F.2d 874. However, because Evid.R. 609 must be considered in conjunction with Evid.R. 403, a trial judge has broad discretion to determine whether testimony will be admitted under Evid.R. 609. Id., citing *State v. Wright* (1990), 48 Ohio St.3d 5, 548 N.E.2d 923. In exercising its discretion, the trial court must weigh all relevant factors. Id.

{¶ 12} *Ruff* concerned a negligence action for damages sustained when the defendant-administrator's decedent caused an automobile accident. Prior to trial, the court held a hearing on the plaintiff's motion to suppress an order that reflected that plaintiff's treating physician had a prior criminal conviction. Because the conviction was over ten years old, the trial court granted the motion to suppress pursuant to Evid.R. 609(B). On appeal, the defendant argued that this was error.

{¶ 13} In affirming the trial court's suppression of the prior criminal conviction, this court noted that the trial court recognized its obligation to ascertain the probative value of the conviction for scheming to defraud insurance companies

and obtaining money by submitting false and inflated medical bills to insurance companies. This court also noted that in the case before it, the defendant had presented nothing to indicate that the physician either overbilled or overtreated the plaintiff and therefore held that there was no abuse of discretion in determining that the probative value of the stale conviction did not substantially outweigh its prejudicial effect.

{¶ 14} In the matter before us, the trial court allowed the admission of evidence pertaining to Dr. Kistler's conviction, apparently upon a finding that the probative value of the stale conviction substantially outweighed its prejudicial effect. We, however, cannot find that this determination did not constitute an abuse of discretion.

{¶ 15} Despite appellees' contention that Dr. Kistler "opened the door" to this line of questioning, the probative value of the prior criminal conviction is clearly outweighed by the prejudicial effect. Indeed, Dr. Kistler testified on direct examination that under the HPP program, he could not get approval for an MRI from the Bureau of Workers' Compensation. Nothing in his direct examination, however, refers to his decertification with the HPP program or his prior criminal conviction. Appellees contend that the reason that the MRI was not approved is clearly relevant; however, obtaining the reason the HPP program denied approval for the MRI, i.e., because Dr. Kistler is not a certified provider under the program, could easily have been asked and answered without delving into the fact that Dr. Kistler had a prior criminal conviction, let alone delving into the detailed facts underlying the same. *Ruff*, citing *United States v. Solomon* (C.A.11, 1982), 686 F.2d 863 (strong presumption in Evid.R. 609 against using stale conviction).

{¶ 16} Dr. Kistler was the only witness testifying in support of the requested claim for L5–S1 disc protrusion. The majority of Dr. Kistler's cross-examination concerned his prior conviction; yet, the prior conviction, which concerned billing procedures, was completely unrelated to Dr. Kistler's opinion pertaining to diagnosis and causation. The admission into evidence of Dr. Kistler's stale conviction, particularly its underlying details, could do nothing more than prejudice the minds of the jurors, and any probative value did not substantially outweigh its prejudicial effect. In fact, the details of the underlying criminal conviction would not be admissible even under an appropriate use of Evid.R. 609 that permitted the admission of evidence of the criminal conviction itself. Thus, overruling appellant's objection to the admission of testimony regarding Dr. Kistler's prior criminal conviction was an abuse of discretion.

{¶ 17} Accordingly, appellant's single assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this

matter is hereby remanded to that court for further proceedings in accordance with law and this decision.

Judgment reversed
and cause remanded.

KLATT and CONNOR, JJ., concur.