[Cite as *State v. West*, 2014-Ohio-5143.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101133**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**DAVID M. WEST**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-579113-A

**BEFORE:** S. Gallagher, J., Celebrezze, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** November 20, 2014

**ATTORNEY FOR APPELLANT**

Kelly A. Gallagher
P.O. Box 45551
Westlake, OH   44145


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Marcus A. Henry
Assistant Prosecuting Attorney
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, OH   44113

SEAN C. GALLAGHER, J.:

**{¶1}** Appellant David M. West appeals his conviction on two counts of felonious assault. For the reasons stated herein, we affirm the judgment of the trial court.

**{¶2}** On October 25, 2013, appellant was indicted with two counts of felonious assault, in violation of R.C. 2903.11(A)(1) and (2), each a felony of the second degree. Each count also included a notice of prior conviction specification and repeat violent offender specification. Appellant entered a plea of not guilty, and the case proceeded to a bench trial.

**{¶3}** The victim in the case testified to an incident that occurred on October 12, 2013. On that date, the victim was at the appellant's apartment drinking. The two were friends. The victim testified that she noticed a bottle of money sitting on the floor. Because appellant was indebted to the victim, the victim picked up the bottle and told appellant she was getting her $20. According to the victim, appellant snatched the bottle from her and "beat me upside my head with it." She described the bottle as an "1800 bottle of vodka" and as a "very thick bottle." While she was beaten with the bottle, the victim felt pain, her forehead above her eye was split open, and she lost consciousness for a few seconds. Thereafter, the victim ran out the door and notified building security. The victim was treated at a hospital and received 32 stitches. At trial, the victim had a permanent scar over her left eye and she still had a black eye.

**{¶4}** Officer Demetrius Jackson arrived at the scene. He described the victim as crying, upset, and in visible pain. The victim informed the officer that appellant owed her money, she picked up a bottle, appellant took it from her and started hitting her with it. The officer observed blood in the hallway, in front of the elevator, and on the floor of appellant's apartment.

**{¶5}** Appellant told the officer that the victim picked up the bottle, appellant took it from her, and appellant "had to beat it out of her." Appellant made a written statement that "[the

victim] stepped out with my bottle of 1800 liquor, bottle of money and I took it back and beat it out of her hand and put her out." The officer indicated that appellant was calm and acted as though he did nothing wrong.

{¶6} The officer also observed signs indicating that both appellant and the victim were intoxicated. The officer described the bottle as a tall and wide, thick glass bottle, weighing approximately ten pounds. He indicated his belief that the bottle could be used as a deadly weapon because the bottle could be used to crush a skull and cause brain injury.

{¶7} Appellant testified that he had owed the victim money, but he already paid her off. He claimed that the victim grabbed the bottle of money and was attempting to head out the door with the bottle when his back was turned. When he first noticed, he thought the victim was joking. He asked her to give him the bottle, she responded no, and a tussle ensued over the bottle. Appellant testified that the bottle fell out of his hand, the victim hit herself with the bottle, and she fell by the front door. They continued to tussle for the bottle, and he managed to grab the bottle and throw it behind him. Appellant admitted that the two hit each other with their hands or fists during the fight. Appellant denied hitting the victim with the bottle and claimed he pushed her out the door once they were done fighting over the bottle.

{¶8} During trial, appellant conceded having a prior charge for attempted aggravated robbery and a prior conviction for burglary.

{¶9} The trial court found appellant guilty of the charged offenses. The offenses were merged for sentencing, and the state elected to have appellant sentenced on Count 1. The trial court sentenced appellant to a prison term of four years. Appellant filed this appeal, raising four assignments of error for our review.

{¶10} Under his first assignment of error, appellant claims the trial court erred by refusing to allow him to cross-examine the victim with regard to a prior conviction. Specifically, defense counsel sought to cross-examine the victim regarding her prior conviction for burglary in 2002. Defense counsel argued that the burglary offense should be considered a crime of dishonesty and that it should be admitted even though it was outside the ten-year limit for impeachment purposes. The trial court denied the request to introduce this conviction.

{¶11} Evid.R. 609(A)(3) allows for the impeachment of a witness with evidence of a conviction involving a crime of dishonesty, but only if its probative value is substantially outweighed by its prejudicial effect. Furthermore, pursuant to Evid.R. 609(B), such a conviction is not admissible when it is more than ten years old, unless the court determines in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect, and sufficient advance written notice of intent to use the conviction has been given. Rarely and only in exceptional circumstances should a conviction over ten years old be admitted under Evid.R. 609(B), and a trial judge has broad discretion to determine the admissibility of such a conviction. *Keaton v. Abbruzzese Bros.*, 189 Ohio App.3d 737, 2010-Ohio-3969, 940 N.E.2d 603, ¶ 11 (10th Dist.); *see also State v. Triplett*, 8th Dist. Cuyahoga No. 97522, 2012-Ohio-3804, ¶ 39 (recognizing stale convictions should rarely be admitted).

{¶12} A review of the record does not show that the defense counsel gave written notice of its intention to use the 2002 conviction. Further, the state objected to the use of the stale conviction. After reviewing the record, we find no abuse by the trial court in excluding evidence relating to the victim's 2002 burglary conviction.

**{¶13}** Under his second assignment of error, appellant claims he was denied effective assistance of counsel. In order to substantiate a claim of ineffective assistance of counsel, the appellant must show "(1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that but for counsel's errors, the proceeding's result would have been different." *State v. Perez*, 124 Ohio St.3d 122, 2009-Ohio-6179, 920 N.E.2d 104, ¶ 200, citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. The defendant has the burden of proving his counsel rendered ineffective assistance. *Perez* at ¶ 223.

**{¶14}** Appellant claims his defense counsel failed to cross-examine the victim on a pending burglary and theft case, wherein the appellant allegedly was the victim and the alleged offenses occurred the same date as the incident from which he was charged. These charges against the victim allegedly arose from subsequent acts to the incident involved in this case. Appellant argues that questioning regarding the charges against the victim would have demonstrated her interest, bias, and motivation to testify falsely in this case, in hopes of leniency in the disposition of her own case.

**{¶15}** Evid.R. 616(A) provides: "Bias, prejudice, interest, or any motive to misrepresent may be shown to impeach the witness either by examination of the witness or by extrinsic evidence." Under Evid.R. 616(A), "a witness in a criminal case may be asked if he is under indictment for a crime, if such fact would reasonably tend to show that his testimony might be influenced by interest, bias, or a motive to testify falsely." *State v. Hector*, 19 Ohio St.2d 167, 249 N.E.2d 912 (1969), paragraph five of the syllabus.

{¶16} Even if defense counsel could have cross-examined the victim on the pending indictment against her, we cannot say the failure to do so prejudiced the outcome of the proceedings. There is no evidence that the victim had an interest in the outcome of this case. Further, the record contains overwhelming evidence demonstrating that appellant knowingly caused serious physical harm to the victim, without serious provocation, by means of a deadly weapon. Appellant's second assignment of error is overruled.

{¶17} Under his third assignment of error, appellant claims the trial court erred by not finding him guilty of the inferior-degree offense of aggravated assault because he claims there was sufficient evidence of serious provocation.

{¶18} Aggravated assault is an "inferior-degree" offense to felonious assault because its elements are identical to felonious assault except for the additional mitigating element of serious provocation. *State v. Deem*, 40 Ohio St.3d 205, 210-211, 533 N.E.2d 294 (1988). Serious provocation requires that the provocation be reasonably sufficient to arouse the passions of an ordinary person beyond the power of his or her control. *State v. Shane*, 63 Ohio St.3d 630, 635, 590 N.E.2d 272 (1992). Furthermore, for provocation to be serious, it must be reasonably sufficient to bring on extreme stress and reasonably sufficient to incite or arouse the defendant into using deadly force. *Id.* at 211. "'In determining whether the provocation was reasonably sufficient to incite the defendant into using deadly force, the court must consider the emotional and mental state of the defendant and the conditions and circumstances that surrounded him at the time.'" *Id.*, quoting *State v. Mabry*, 5 Ohio App.3d 13, 449 N.E.2d 16 (8th Dist.1982), paragraph five of the syllabus.

{¶19} Although appellant claims that he believed the victim was attempting to steal his money and that they were fighting each other over the bottle, these actions do not constitute

"serious provocation" that is reasonably sufficient to arouse the passions of an ordinary person beyond the power of his control and incite appellant into using deadly force. Further, even if appellant was struck in the jaw during the scuffle, appellant's response in beating the victim in the head with a large and heavy bottle, which produced serious lacerations and bruising, is clearly excessive to the slight amount of provocation present. Also, the evidence did not establish that appellant acted under the influence of serious passion or in a sudden fit of rage. In fact, the evidence demonstrates that appellant initially believed the victim was joking, that he was able to retrieve the bottle from appellant during the scuffle, and that his demeanor was calm when the police arrived. Because the evidence fails to demonstrate the existence of serious provocation, appellant's third assignment of error is overruled.

{¶20} Under his fourth assignment of error, appellant claims his conviction for felonious assault was against the manifest weight of the evidence. When reviewing a claim challenging the manifest weight of the evidence, the court, reviewing the entire record, must weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541. Reversing a conviction as being against the manifest weight of the evidence should be reserved for only the exceptional case in which the evidence weighs heavily against the conviction. *Id*. A claim that a jury verdict is against the manifest weight of the evidence involves a separate and distinct test that is much broader than the test for sufficiency. *State v. Drummond*, 111 Ohio St.3d 14, 2006-Ohio-5084, 854 N.E.2d 1038, ¶ 193.

**{¶21}** Appellant claims that he testified he only struck the victim with his hands and that his hands cannot be considered a deadly weapon. He further claims the victim's testimony was not credible because she had been drinking.

**{¶22}** The record reflects that the victim testified that after she picked up the bottle and told appellant she was getting her $20, appellant snatched the bottle from her and "beat me upside my head with it." Consistent with the victim's account, appellant informed the police that he took the bottle from the victim and was hitting her, and he indicated in his written statement that he "had to beat it out of her." Testimony describing the size and weight of the liquor bottle established that it could be used as a deadly weapon, and pictures were introduced depicting serious physical harm caused to the victim. Upon our review, we are unable to find appellant's conviction for felonious assault was against the manifest weight of the evidence. Appellant's fourth assignment of error is overruled.

**{¶23}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
MARY EILEEN KILBANE, J., CONCUR