[Cite as *State v. Sferro*, 2016-Ohio-7257.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 15CA0035-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RENALDO SFERRO | WADSWORTH MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 14CRB01193-A |

DECISION AND JOURNAL ENTRY

Dated: October 11, 2016

MOORE, Judge.

{¶1} Appellant, Renaldo J. Sferro, appeals his conviction for falsification. This Court affirms.

I.

{¶2} On November 8, 2014, Renaldo Sferro and Michael Haught got into an altercation after one driver cut the other off. They exchanged heated words and gestures and pushed one another, and Mr. Sferro sprayed Mr. Haught with pepper spray from behind as he walked back to his vehicle. When Mr. Haught drove away, Mr. Sferro followed. Eventually, Mr. Sferro returned to the scene of the fight, found a police officer, and reported that Mr. Haught had pulled a gun on him. Mr. Sferro did not mention that he had sprayed Mr. Haught with pepper spray until the officer inquired about residue on Mr. Sferro's neck. At that point, Mr. Sferro's story changed.

**{¶3}** Officer Gerald Rose, who took Mr. Sferro's report, considered his version of the events to be suspicious. After investigating the sequence of events further, Office Rose signed a complaint that charged Mr. Sferro with falsification in violation of R.C. 2921.13(A)(2), alleging that Mr. Sferro made false statements for the purpose of incriminating Mr. Haught. After a bench trial, the trial court found Mr. Sferro guilty, fined him $100, and sentenced him to thirty days in jail, suspended on the condition that he complete one year of probation. This appeal followed. Mr. Sferro's three assignments of error are rearranged for purposes of discussion.

II.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN RESTRICTING EVIDENCE TO IMPEACH [A] WITNESS.

**{¶4}** Mr. Sferro's second assignment of error is that the trial court erred by excluding evidence of a 22-year-old conviction during cross-examination of Mr. Haught.

**{¶5}** Evid.R. 609(A)(3) permits evidence that a witness has been convicted of a crime involving dishonesty or false statement for purposes of impeachment, subject to the limitations imposed by Evid.R. 403(B). If more than ten years has passed since the later of the date of conviction or termination of the sentence, however, the evidence can only be introduced if the trial court determines "in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." Evid.R. 609(B). In addition, "evidence of a conviction more than ten years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence." *Id.* The admission of evidence under Evid.R. 609(B) should be reserved for the rare and exceptional case, and it is a matter committed to the

discretion of the trial court. *Keaton v. Abbruzzese Bros., Inc.*, 189 Ohio App.3d 737, 2010-Ohio-3969, ¶ 11 (10th Dist.).

**{¶6}** Mr. Sferro has argued that the trial court improperly excluded a prior conviction during the cross-examination of Mr. Haught because, in his view, the probative value of the evidence substantially outweighed the potential prejudice to Mr. Haught. As an initial matter, there is no indication in the record that Mr. Sferro provided the notice required by Evid.R. 609(B) in any form. In this situation, "evidence of a conviction more than ten years old * * * is not admissible." Evid.R. 609(B).

**{¶7}** In addition, although we are mindful that under Evid.R. 103(A)(2) an offer of proof is not required to *preserve* error in connection with evidence excluded on cross-examination, there must be sufficient information contained in the record to permit this Court to *review* the alleged error. In the context of Evid.R. 609(B), this Court must be able to review the trial court's exercise of discretion in determining whether "the probative value of the conviction * * * substantially outweighs its prejudicial effect" with reference to "specific facts and circumstances[.]" Evid.R. 609(B). Apart from a brief exchange between counsel and the trial court, the record does not contain any information about the conviction that Mr. Sferro sought to introduce during cross-examination. Without a developed record on this point, Mr. Sferro cannot demonstrate that the trial court abused its discretion.

**{¶8}** Mr. Sferro's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN DENYING THE CRIMINAL RULE 29 MOTION FOR ACQUITTAL.

{¶9} In his third assignment of error, Mr. Sferro argues that the trial court erred by denying his motion for acquittal because the State did not produce sufficient evidence that he committed falsification. We disagree.

{¶10} "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 9th Dist. Summit No. 24731, 2009-Ohio-6955 ¶ 18, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins* at 390 (Cook, J., concurring). In reviewing the evidence, we do not evaluate credibility, and we make all reasonable inferences in favor of the State. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). The State's evidence is sufficient if it allows the trier of fact to reasonably conclude that the essential elements of the crime were proven beyond a reasonable doubt. *Id.*

{¶11} R.C. 2921.13(A)(2) prohibits any person from knowingly making a false statement with the purpose to incriminate another. "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist." R.C. 2901.22(B).

{¶12} Officer Gerald Rose testified that he responded to a 911 call regarding an incident of road rage on November 8, 2014, only to find that both vehicles had left the scene. He recalled that within a few minutes, Mr. Sferro made contact with him, told him that he had been involved in the incident, and stated that Mr. Haught had pulled a gun on him. According to Officer Rose, Mr. Sferro wanted to press charges against Mr. Haught, but the description of events provided by Mr. Sferro was "vague" and required him to press for details. Officer Rose testified that he

noticed that Mr. Sferro's skin was red and inflamed on his neck as though it had come into contact with an irritant. Although he asked Mr. Sferro what had happened and asked for further details, Mr. Sferro did not mention that he had deployed pepper spray against Mr. Haught. Instead, he stated that he did not know what had caused his skin reaction. Mr. Sferro only changed his story when Officer Rose told him that a witness had reported that pepper spray was used. At that point, he told Officer Rose that after Mr. Haught brandished his gun and turned to walk away, he sprayed him with pepper spray from behind.

{¶13} Officer Rose testified that because Mr. Sferro changed his story and the sequence of events did not make sense, he followed up with Mr. Haught, who denied that he had a weapon. At trial, Mr. Haught testified that he did not have a gun on his person at the time of the incident and that he did not brandish anything that could have been mistaken for a gun.

{¶14} Based on this testimony, a finder of fact could reasonably conclude that Mr. Sferro committed falsification by falsely stating that Mr. Haught brandished a weapon in order that Mr. Haught would be prosecuted for their altercation. Mr. Sferro's third assignment of error is overruled.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT'S JUDGMENT IS AGAINST THE MANIFEST WEIGHT
OF THE EVIDENCE AND IS NOT SUPPORTED BY THE EVIDENCE.

{¶15} Mr. Sferro's first assignment of error is that his conviction for falsification is against the manifest weight of the evidence. We do not agree.

{¶16} When considering whether a conviction is against the manifest weight of the evidence, this Court must:

> review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest

miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986).  A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction.  *Id.*, citing *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983).

{¶17}  In addition to Officer Rose and Mr. Haught, a husband and wife who witnessed the incident from their vehicle testified at trial.  Both stated that apart from a brief period of time in which both men were in one of the vehicles during the altercation, they were in a position to see a weapon if one had been brandished.  Both denied seeing a gun.  Mr. Haught testified that he has a permit to carry a concealed weapon and that he owns two guns, but also testified that he did not have a weapon on his person at the time of the altercation.  According to Mr. Haught, he uses the weapons primarily for security in connection with his work as a restaurant manager and to protect his family.  He emphasized that because he had "left [his] house to go buy a toilet at Lowe's," he had no reason to bring a weapon with him.

{¶18}  Mr. Sferro testified in his own defense.  Although he acknowledged that he spoke with Officer Rose about fifteen minutes after the altercation, Mr. Sferro explained that his failure to mention the pepper spray must have been a function of poor memory on his part.  He testified that he told the truth in his statement to police, and that Mr. Haught pulled a gun slightly from under his jacket without pointing it at him, but "so I could see it, you know * * * in my general direction."  Mr. Sferro acknowledged that his written statement to police was different.

{¶19}  In support of his argument, Mr. Sferro has argued that "all evidence points to [Mr.] Haught having a gun on his person at the time of the incident[.]"  Mr. Haught is an acknowledged gun owner who testified that when he carries a weapon on his person, he carries it in a holster.  Nonetheless, Mr. Haught denied that he had a weapon on his person at the time of

the incident, and both witnesses who observed the incident testified that they did not see a gun. In addition, and as noted by Officer Rose, the sequence of events described by Mr. Sferro after he changed his story lacked credibility. Having reviewed all of the testimony at trial and considered the credibility of all of the witnesses, therefore, we cannot conclude that this is the exceptional case in which the evidence at trial weighs heavily against the conviction.

{¶20} Mr. Sferro's first assignment of error is overruled.

III.

{¶21} Mr. Sferro's assignments of error are overruled. The judgment of the Wadsworth Municipal Court is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

                                                                 
_____

CARLA MOORE
FOR THE COURT

SCHAFER, J.
CONCURS.

CARR, P. J.
DISSENTS.

APPEARANCES:

DANIEL R. BACHE, Attorney at Law, for Appellant.

THOMAS J. MORRIS, Assistant Director of Law, for Appellee.