[Cite as *State v. Hiler*, 2017-Ohio-7636.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27364 |
| | : | |
| v. | : | Trial Court Case No. 11-CR-2814 |
| | : | |
| RICHARD LEE HILER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 15th day of September, 2017.

. . . . . . . . . .

MATHIAS H. HECK, JR., by ALICE PETERS, Atty. Reg. No. 0093945, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45402
     Attorney for Plaintiff-Appellee

RICHARD LEE HILER, #677-030, P.O. Box 69, London, Ohio 43140
     Pro Se, Defendant-Appellant

. . . . . . . . . . . . .

HALL, P.J.

{¶ 1} Richard Lee Hiler appeals pro se from the trial court's decision, order, and entry overruling his combined Crim.R. 33 motion for leave to seek a new trial and motion for a new trial.

{¶ 2} Hiler advances two assignments of error. First, he contends the trial court erred in not finding him unavoidably prevented from timely filing a new-trial motion. Second, he claims the trial court erred in not holding an evidentiary hearing to determine whether he was unavoidably prevented from timely filing his motion.

{¶ 3} The record reflects that a jury found Hiler guilty on two counts of felonious assault in January 2013. The offenses involved Hiler's act of stabbing the victim, Mark Sparks, with a knife. The trial court merged the two counts as allied offenses and imposed an eight-year prison term. In January 2014, this court overruled three assignments of error and affirmed on direct appeal. In particular, this court rejected a manifest-weight argument premised on Hiler's self-defense claim. This court also rejected various allegations of ineffective assistance of trial counsel. Finally, this court concluded that a jury instruction on the lesser-included offense of aggravated assault was not warranted. *See State v. Hiler*, 2d Dist. Montgomery No. 25609, 2014-Ohio-137.

{¶ 4} In June 2016, Hiler filed a combined motion for leave to seek a new trial and motion for a new trial pursuant to Crim.R. 33(A)(2) and (A)(5). The substantive basis for the motion was the State's alleged failure to disclose Sparks' 2002 forgery conviction for which he received community control. Hiler argued that he could have used this criminal record to impeach Sparks' credibility at trial. With regard to his delay in seeking a new trial, Hiler asserted that his incarceration rendered him unavoidably prevented from

discovering Sparks' criminal record until after a friend spontaneously contacted him in prison in April 2016. Hiler asserted that this unidentified friend then obtained Sparks' criminal record in May 2016. In a "memorandum in support of unavoidable prevention," Hiler argued that "it was not possible to get the records check until the defendant spoke or heard from his friend." (Doc. #11 at 2). After filing his joint motion for leave and motion for a new trial, Hiler separately filed an "Affidavit of Unavoidable Prevention." (Doc. #13). His affidavit states:

> I am an adult and I am competent to testify as to the facts that follow:
>
> It has taken me 3+ years to obtain some of the evidence in my favor, to wit, Mark J. Sparks' criminal record, after the blatant and complete disregard of my case by four (4) paid attornies [sic] of the Dayton Bar Assoc. * * *. I had to employ an old friend who has chosen to testify in court, pertaining to not only to this fact but, to my character as well. Having known him and his common law wife for 20+ years they know I'm physically incapable of the major part of Sparks' fabrication, chasing him.

(*Id.*).

{¶ 5} The trial court overruled Hiler's motion, reasoning:

> Considering that Rule 33(B) bifurcates the process of requesting a new trial, the Court treats Defendant's Trial Motion as the first step. So the Court must determine whether or not Defendant was unavoidably prevented from discovering the ground asserted in his Trial Motion—that being the criminal record of Mark Sparks, a State witness, which Defendant alleges the prosecutor failed to disclose. Simply put, Defendant was ***not***

unavoidably prevented from discovering such information. As other Ohio courts have found that such information is easily discoverable prior to trial, this Court finds the same. Not only has Defendant failed to establish that his trial counsel **did not** have such information at the trial, but he has failed to give any reason why such information was unobtainable at that time, much less as a result of prosecutorial misconduct. Suffice it to say, Defendant has failed to demonstrate such facts by clear and convincing evidence.

Because the Court finds that Defendant was not unavoidably prevented from discovering the ground for his Trial Motion, he was required to bring such motion within fourteen days after the verdict was rendered. He did not, therefore his Trial Motion is untimely. As such, Defendant's Trial motion is **OVERRULED**.

(Doc. #15 at 3).

{¶ 6} In his first assignment of error, Hiler challenges the trial court's finding that he was not unavoidably prevented from discovering Sparks' criminal record and timely filing a new-trial motion. Hiler also contends he *did* establish that the criminal record was not provided to his trial attorney. In support, he cites Exhibit 2 to his new-trial motion, which he claims is the discovery his attorney received. Hiler notes that Sparks' criminal record is not among those materials. He also alleges that various attorneys failed to obtain the criminal record at issue. Finally, in his second assignment of error, Hiler contends the trial court erred in failing to hold a hearing to determine whether he was unavoidably preventing from discovering Sparks' criminal record.

{¶ 7} Upon review, we find both assignments of error to be unpersuasive. As set forth above, Hiler sought a new trial under Crim.R. 33(A)(2), which involves prosecutorial misconduct, and Crim.R. 33(A)(5), which involves an "[e]rror of law occurring at the trial." Under Crim.R. 33(B), Hiler had 14 days after the jury's verdict to file his motion.[1] Because he did not do so, Crim.R. 33(B) obligated him to establish by "clear and convincing proof" that he "was unavoidably prevented from filing his motion for a new trial" within the required time.

{¶ 8} We review for an abuse of discretion the trial court's determination that Hiler did not establish being unavoidably prevented from timely seeking a new trial. *State v. Wilson*, 2d Dist. Montgomery Nos. 24461, 24496, 24501, 2012-Ohio-1660, ¶ 38; *State v. Taylor*, 2d Dist. Montgomery No. 23916, 2011-Ohio-2563, ¶ 24. We see no abuse of discretion here.

{¶ 9} " '[A] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for a new trial and could not have learned of the existence of the ground supporting the motion for a new trial within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence.' " *State v. Thompson*, 2d Dist. Montgomery No. 25016, 2012-Ohio-4862, ¶ 7, quoting *State v. Walden*, 19 Ohio App.3d 141, 145-146, 483 N.E.2d 859 (10th Dist.1984).

{¶ 10} In *Thompson*, we recognized a "material difference between being *unaware*

---

[1] We note that a motion for a new trial under Crim.R. 33(A)(6) based on newly discovered evidence has a longer 120-day filing period. But Hiler did not seek a new trial under Crim.R. 33(A)(6), a point he stresses in his reply brief, and did not come close to meeting the 120-day time period either.

of certain information and being *unavoidably prevented* from discovering it." *Thompson*, at ¶ 8. Even if Hiler was unaware of Sparks' criminal record until shortly before he filed his new-trial motion nearly three and one-half years after his conviction, the trial court acted within its discretion in concluding that he had not been unavoidably prevented from timely discovering that information.

{¶ 11} Hiler does not argue on appeal that he had no reason to suspect the existence of Sparks' criminal record. To the contrary, he professes to have had long-standing knowledge or suspicion of its existence, as evidenced by the fact that he purportedly has asked four different attorneys to obtain it for him. (Appellant's brief at 1). Although Hiler contends he had no way to obtain the record until a friend contacted him in prison, Hiler acknowledges that the record has been available on-line and that his friend obtained it that way. The trial court was not required to accept Hiler's claim that it took him nearly three and one-half years to locate someone with internet access or other means who would obtain the record for him. At a minimum, rejection of this argument was not an abuse of discretion. *Compare State v. Roberts*, 8th Dist. Cuyahoga No. 95533, 2011-Ohio-2534, ¶ 19 ("Additionally, the police reports and court documents attached to Roberts's petition have been a matter of public record since 2006. Thus, Roberts has not demonstrated that he was unavoidably prevented from discovering the facts upon which he bases his petition."); *State v. Smith*, 2d Dist. Miami No. 97 CA 46, 1998 WL 404458, *5 (Mar. 27, 1998) ("* * * the fact of [defendant's] incarceration, without more, does not amount to clear and convincing proof that he was unavoidably prevented from discovering [allegedly withheld] evidence within the time limitations of Crim.R. 33(B)"); *State v. Neguse*, 10th Dist. Franklin No. 99AP-843, 2010-Ohio-1387, ¶ 12 ("The second piece of

evidence offered by appellant in support of his motion for new trial was the denial of the existence of any criminal convictions by witnesses Meadows and Fitzgerald when asked about their criminal records at trial. Nothing in the materials offered by appellant in support of his motion offer any basis to conclude that appellant was unavoidably prevented from discovering this evidence during the 120-day period for filing a timely motion for new trial.").

{¶ 12} The trial court also did not err in overruling Hiler's motion without holding an evidentiary hearing. A defendant is entitled to a hearing on a motion for leave to seek a new trial if he submits documents that on their face support his claim of being unavoidably prevented from meeting Crim.R. 33's time requirement. *See, e.g.*, *State v. Lanier*, 2d Dist. Clark No. 2009 CA 84, 2010-Ohio-2921, ¶ 16. Here the only documents Hiler submitted were (1) Sparks' on-line criminal record from a public web site, (2) apparent discovery materials in the form of offense information and a police report, and (3) Hiler's own "Affidavit of Unavoidable Prevention." Sparks' on-line criminal record established that it was available to Hiler or anyone else who sought it for him. The discovery materials did nothing to demonstrate that Hiler was unavoidably prevented from meeting the time requirement in Crim.R. 33. Finally, Hiler's affidavit also failed to make such a showing. Therein, he stated that it took him three and one-half years to obtain Sparks' criminal record, that four attorneys had disregarded his case, and that he "had to employ an old friend" to help him. In our view, these averments failed to demonstrate that he was unavoidably prevented from discovering Sparks' record, which was publicly available to anyone with internet access or other means to obtain it. On its face, Hiler's cursory affidavit did not support his claim about being unavoidably prevented from discovering

the criminal record. *Compare Thompson* at ¶ 10 ("The only document Thompson submitted addressing the 'unavoidably prevented' issue was his mother's affidavit. It established that she did not discover Dr. Barnes, Dr. Leestma, and the opinions they now hold until shortly before Thompson filed his motion. On its face, however, the affidavit did not necessarily support a claim that Thompson was 'unavoidably prevented' from discovering those doctors or their opinions earlier. Although Thompson's mother made this claim, we are only required to accept her factual allegations as true.").

{¶ 13} Because Hiler failed to provide clear and convincing proof that he was unavoidably prevented from filing his motion in a timely manner, the trial court did not abuse its discretion in denying the motion. Because Hiler further failed to support his request for leave with documentation that facially supports his claim he was unavoidably prevented from filing it in a timely manner, the trial court was not required to conduct an evidentiary hearing before denying the motion. We therefore overrule Hiler's two assignments of error and affirm the judgment of the Montgomery County Common Pleas Court.

. . . . . . . . . . . .

WELBAUM, J., concurs.

FROELICH, J., concurring:

{¶ 14} I agree with the majority and write only to comment that even if we were not to find that the Appellant failed to satisfy the "unavoidably prevented" requirement, the judgment of the trial court should be affirmed.

{¶ 15} The alleged discovery violation conceivably could constitute prosecutorial misconduct. But Crim.R. 33(C) requires a new-trial motion based on prosecutorial

misconduct to be supported by an affidavit showing the truth of the allegations. Hiler's affidavit only addressed his delay in seeking a new trial. Nowhere in that affidavit did Hiler aver that the prosecutor possessed but failed to turn over Sparks' criminal record, which is the essence of the misconduct claim.[2] This court has recognized that a Crim.R. 33(A)(2) motion is subject to dismissal when a defendant fails "to attach an affidavit showing the truth of his allegations of prosecutorial * * * misconduct, as required by Crim.R. 33(C)." *Smith* at *5; *see also State v. Dudley*, 2d Dist. Montgomery No. 23613, 2010-Ohio-4152, ¶ 43 ("A trial court does not abuse its discretion by denying a motion or hearing on such motion for new trial on Crim. R. 33(A)(2) and (3) grounds if no affidavits are submitted with the motion."); *City of Dayton v. Moser*, 2d Dist. Montgomery No. 16773, 1998 WL 598119, *1 (Sept. 11, 1998) (noting that the absence of the affidavit required by Crim.R. 33(C) "is fatal to a motion for a new trial").

**{¶ 16}** Even on the merits, Hiler's claim about prosecutorial misconduct and the allegedly withheld criminal record would not entitle him to a new trial. "Failure to disclose the criminal record of a witness does not automatically warrant a new trial." *State v. Wogenstahl*, 2004-Ohio-5994, 970 N.E.2d 447, ¶ 27 (1st Dist.). In such a case, a defendant must establish a reasonable probability that the result would have been different if the evidence had been disclosed. *State v. Kitzler*, 8th Dist. Cuyahoga No. 69076, 1996 WL 38871, *2 (Feb. 1, 1996), citing *State v. Johnston*, 39 Ohio St.3d 48, 60,

---

[2] Contrary to Hiler's argument, *nothing* in the record establishes that the prosecutor failed to turn over Sparks' criminal record. The police report attached to Hiler's new-trial motion does not establish that it was *the only* discovery provided to defense counsel. Nor does defense counsel's apparent failure to cross examine Sparks about his criminal record establish that the prosecutor did not turn over the criminal record in discovery.

529 N.E.2d 898 (1988).[3]

{¶ 17} In the present case, the evidence against Hiler was strong if not overwhelming. *See State v. Hiler*, 2d Dist. Montgomery No. 25609, 2014-Ohio-137, ¶ 4-24 (summarizing the evidence presented at trial). In affirming Hiler's conviction on direct appeal, this court noted that his act of stabbing Sparks was undisputed. The only real question was whether he acted in self-defense. *Id.* at ¶ 37. On this issue, we noted that Hiler's actions were inconsistent with self-defense. His nephew testified that Hiler was pursuing Sparks. *Id.* at ¶ 30. In addition, Hiler went home after the stabbing and cleaned himself off, placed his bloody clothes in the washing machine, discarded his knife, and never mentioned to police that he had been attacked. In fact, when police later contacted Hiler, he denied any physical confrontation with Sparks. Hiler also testified at trial that Sparks struck him more than a dozen times, but he (Hiler) exhibited little or no signs of bruising or other injury. *Id.* at ¶ 31. On the record before us, I see no reasonable probability that the jury's verdict would have been different if defense counsel had been able to elicit that Sparks had a 2002 conviction for the non-violent offense of forgery, assuming arguendo that the prosecutor did fail to disclose it.[4]

---

[3] In *Johnston*, the Ohio Supreme Court recognized that a trial court has discretion to overrule, on the basis of untimeliness under Crim.R. 33, a new-trial motion alleging prosecutorial misconduct in not disclosing evidence. *Johnston*, at 58-59. If the merits of such a motion are reached, however, the traditional test under Crim.R. 33 does not fully apply. When a new-trial motion alleges a *Brady* violation based on withholding evidence favorable to the accused, a due-process analysis applies rather than the usual standards governing a new trial. *Id.* at 60. Therefore, a defendant must establish only a "reasonable probability" that the result would have been different if the evidence had been disclosed. *Id.* This is a less stringent standard than typically used under Crim.R. 33. *Id.*

[4] Parenthetically, as a practical matter, granting Hiler a new trial could be a pointless victory for him. Under Evid.R. 609(A)(3), "evidence that any witness * * * has been convicted of a crime is admissible if the crime involved dishonesty or false statement,

. . . . . . . . . . . .

Copies mailed to:

Mathias H. Heck
Alice Peters
Richard Lee Hiler
Hon. Steven K. Dankof

---

regardless of the punishment[.]" Sparks' forgery conviction involved dishonesty and, therefore, ordinarily would be admissible. A time limit exists, however, under Evid.R. 609(B), which provides: "Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement, or the termination of community control sanctions, post-release control, or probation, shock probation, parole, or shock parole imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect."

Here Sparks was convicted in 2002. His community control was terminated in February 2005, which was within 10 years of Hiler's January 2013 trial. If Hiler were granted a new trial, however, it now would occur more than 12 years after the termination of Sparks' community control for his forgery conviction. Although a trial court may admit such a "stale" conviction if the predicate findings are made, "[t]he admission of evidence under Evid.R. 609(B) should be reserved for the rare and exceptional case[.]" *State v. Sferro*, 9th Dist. Medina No. 15CA0035-M, 2016-Ohio-7257, ¶ 5. Therefore, a possibility exists that any new trial Hiler might receive would not include evidence of Sparks' prior conviction.