[Cite as *State v. Hall*, 2019-Ohio-4000.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NOS.  2019-L-027**<br>**2019-L-031** |
| DEVIN E. HALL, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals from the Lake County Court of Common Pleas, Case No. 2018 CR 000763.

Judgment: Affirmed.


*Charles E. Coulson*, Lake County Prosecutor, and *Karen A. Sheppert*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Gregory S. Robey*, Robey & Robey, 14402 Granger Road, Cleveland, OH 44137 (For Defendant-Appellant).


MATT LYNCH, J.

{¶1} Defendant-appellant, Devin E. Hall, appeals from his conviction and sentence for Trafficking in Marijuana in the Lake County Court of Common Pleas. The issues to be determined by this court are whether trial counsel is ineffective when he fails to present as evidence documents allegedly provided to him by the defendant, object to expert testimony, request a lesser-included offense instruction, and ask for a continuance of the trial due to illness, and conducts only limited inquiry during voir dire;

whether a conviction for trafficking is supported by the weight of the evidence when the defendant possesses marijuana and a large sum of money and is in a vehicle with extensive marijuana debris; and whether the court errs in sentencing a defendant with a lengthy criminal record to a more than minimum term.  For the following reasons, we affirm the judgment of the court below.

{¶2}    On October 15, 2018, the Lake County Grand Jury issued an Indictment, charging Hall with one count of Trafficking in Marijuana, a felony of the fifth degree, in violation of R.C. 2925.03(A)(2), with forfeiture specifications for contraband and currency pursuant to R.C. 2941.1417 and 2981.04.

{¶3}    A jury trial was held on January 29, 2019.  The following pertinent testimony and evidence were presented:

{¶4}    On August 6, 2018, at around 1:30 a.m., Patrolman Chris Weber of the Eastlake Police Department observed a vehicle with its taillights on located near a "construction area" at Stonehill Hotel & Suites, away from the main entrance.  Upon approaching the car, which had two occupants, he smelled the odor of burnt marijuana. Hall, the driver, admitted there was marijuana in the car and picked up a joint.  Weber observed a backpack with a baggie of raw marijuana sticking out located in the backseat.  Hall was searched and Weber recovered from one pocket $2,850 and $9 from the other.

{¶5}    A search of the interior of the vehicle led to the recovery of another baggie containing raw marijuana in the center console and two marijuana cigarettes/cigars. Weber described the two marijuana bags as "large softball-size bags" which were "tightly packed into a ball."  According to Weber, Hall claimed that one of the bags was

his and one belonged to a passenger. In the trunk of the vehicle, Weber observed a thick marijuana residue and a large amount of marijuana debris, including a "marijuana branch" that was approximately three feet long, as well as a bag with a sticker on it stating "Shogun," a strain of marijuana. He testified that "never in nearly seventeen years of law enforcement" had he seen "that much marijuana scattered over the interior of a vehicle." He could tell the debris was marijuana from the odor and appearance and has seen "marijuana shake more times than [he] could count." Patrolman Michael Ward also identified these substances as shake, or loose marijuana, and a marijuana plant branch. The vehicle was registered to Stephen Hall, whom Weber believed to be Devin's brother.

{¶6} Kimberly Gilson, a Lake County Crime Laboratory forensic analyst, tested the materials submitted in this case. The two plastic baggies contained 61.78 and 53.88 grams of marijuana, or 4.06 ounces combined. The money, as well as a lid recovered from the trunk, were not found to contain any controlled substance.

{¶7} Sergeant Brad Kemp of the Lake County Narcotics Agency testified that he was experienced in dealing with weights and pricing of marijuana and has testified as an expert in relation to marijuana. He believed that the presence of shake and residue, as well as the baggie in the trunk, demonstrated that marijuana had been transported in the vehicle. He testified that the amount of marijuana recovered from the car would be enough to create 347 marijuana joints. Based on his experience, he opined that drug trafficking was being committed, emphasizing the large quantity of money which is indicative of drug sales and trafficking, as well as the quantity of drugs.

{¶8} Following the conclusion of the State's case, Hall moved for acquittal

pursuant to Crim.R. 29, which motion was denied by the trial court.

{¶9}   For the defense, Kendra Holloway, Hall's passenger, testified that the two had planned on staying at the hotel that night and were smoking marijuana in the vehicle from the bag in the center console.  She did not know where the marijuana was purchased.  She testified that it was common for Hall to drive the vehicle they were in that night.

{¶10}  Michiel Berhane, Hall's friend, had been inside renting a hotel room when the police arrived.  He testified the he and Hall had each purchased one bag of marijuana earlier that night.  He stated that they did not sell any drugs or intend to sell them.

{¶11}  On January 29, 2019, the jury found Hall guilty of the sole count in the indictment, which verdict was memorialized in a February 4, 2019 Judgment Entry.

{¶12}  A sentencing hearing was held on March 4, 2019.  At the hearing, defense counsel requested that Hall be sentenced to community control.  Hall refuted the verdict and the trial process and raised concerns with his counsel's representation.  The State requested a prison sentence, emphasizing that Hall had only been out of prison for approximately five weeks following a drug possession conviction before being arrested and was on post-release control.  The court stated that it had considered the R.C. 2929.11 and .12 sentencing factors as well as the record, PSI, and drug and alcohol evaluation.  It found no factors making the offenses less serious but found that the offense was committed while Hall was on post-release control and that he had a "large number of drug offenses" in the past.  The court ordered Hall to serve one year for his post-release control violation and one year for Trafficking in Marijuana.  A Judgment

Entry of Sentence was filed on March 5, 2019.

{¶13} Hall timely appeals and raises the following assignments of error:

{¶14} "[1.] Appellant was Denied the Effective Assistance of Counsel.

{¶15} "[2.] The Evidence Presented on the Charge of Trafficking in Marijuana was Insufficient as a Matter of Law to Sustain a Conviction.

{¶16} "[3.] Appellant's Conviction on Trafficking in Marijuana is Against the Manifest Weight of the Evidence, and Must be Reversed.

{¶17} "[4.] The Trial Court Erred When it Imposed the Maximum Prison Term for Trafficking in Marijuana, Which is not Supported by the Record."

{¶18} In his first assignment of error, Hall raises various arguments in support of his contention that he received ineffective assistance of counsel.

{¶19} To demonstrate ineffective assistance of counsel, a defendant must prove "(1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding." *State v. Madrigal*, 87 Ohio St.3d 378, 388-389, 721 N.E.2d 52 (2000), citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's performance was reasonable considering all the circumstances. * * * Judicial scrutiny of counsel's performance must be highly deferential." *Strickland* at 688-689. "There is a strong presumption that the attorney's performance was reasonable." *State v. Gotel*, 11th Dist. Lake No. 2006-L-015, 2007-Ohio-888, ¶ 10.

{¶20} First, Hall argues that counsel was ineffective by failing to present his

5

medical marijuana card, which demonstrates that he has a physical condition allowing the use of marijuana, and a receipt showing he had pawned items for cash prior to his arrest.

{¶21} Neither of these documents are present in the record and were only referenced by Hall at the sentencing hearing in claiming counsel was ineffective. Based on the record, this court cannot determine whether such documents were provided to trial counsel or if he had knowledge of them. Where a claim of ineffective assistance of counsel is based on evidence that is outside of the record, it is more properly pursued in a petition for post-conviction relief, since such a claim is "impossible to resolve on direct appeal." *State v. Dukes*, 9th Dist. Summit No. 27966, 2019-Ohio-2893, ¶ 39, citing *State v. Cooperrider*, 4 Ohio St.3d 226, 228, 448 N.E.2d 452 (1983); *State v. Egli*, 11th Dist. Portage No. 2007-P-0052, 2008-Ohio-2507, ¶ 62 (trial counsel was not ineffective for failing to present evidence of a victim's prior rape claim since "[t]here is simply no way for this court to determine whether such a claim was made, whether trial counsel had knowledge of such a claim, or whether such evidence was available to defense counsel"). For example, regarding the pawn receipt, it is impossible to know whether the document could have been authenticated and presented at trial, as well as whether the amount allegedly received correlated with the amount recovered from Hall.

{¶22} Further, as to the medical marijuana card, even if it had been presented to counsel and was valid at the time of the arrest, it would show only that appellant was permitted to possess prescribed marijuana. This provides limited support, however, for the claim that he was not trafficking, especially given the testimony that traffickers and sellers of marijuana often also possess marijuana for personal use and the other

6

supporting evidence of trafficking, including the quantity of money present and the extensive amount of marijuana shake and material within the vehicle.

{¶23} Next, Hall argues that counsel was ineffective by failing to request an instruction on the lesser-included offense of possession of marijuana.

{¶24} "When the indictment * * * charges an offense, including different degrees, or if other offenses are included within the offense charged, the jury may find the defendant not guilty of the degree charged but guilty of an inferior degree thereof or lesser included offense." R.C. 2945.74. A lesser-included offense charge "is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense." *State v. Thomas*, 40 Ohio St.3d 213, 533 N.E.2d 286 (1988), paragraph two of the syllabus.

{¶25} Pursuant to Ohio law, "there is a presumption that the failure to request an instruction on a lesser-included offense constitutes a matter of trial strategy * * *," as it represents a tactical decision to seek acquittal. *State v. Whatley*, 10th Dist. Franklin No. 98AP-589, 1999 WL 224388, *3 (Apr. 15, 1999), citing *State v. Griffie*, 74 Ohio St.3d 332, 333, 658 N.E.2d 764 (1996) ("[f]ailure to request instructions on lesser-included offenses is a matter of trial strategy and does not establish ineffective assistance of counsel"). This principle has been applied in cases where the charged offense is a felony but the lesser-included offense would be a misdemeanor. *See State v. Whitman*, 11th Dist. Ashtabula No. 2013-A-0031, 2013-Ohio-5822, ¶ 48. Hall does not point to anything in the record that overcomes this presumption, stating only the belief that he would have been acquitted had a lesser-included instruction been given.

7

{¶26} Furthermore, as this court has explained, "when a conviction for the charged offense was supported by sufficient evidence, the failure to give a lesser-included offense instruction is harmless, since the result of the proceedings would not have been different but for the lack of the instruction." (Citation omitted.) *State v. Jevnikar*, 11th Dist. Lake Nos. 2016-L-006 and 2016-L-007, 2016-Ohio-8113, ¶ 19. As will be addressed further, Hall's conviction was supported by sufficient evidence and, even presuming trial counsel was ineffective, we find no prejudice.

{¶27} In his third argument, Hall contends that counsel failed to use reasonable diligence in voir dire as he did not exercise any peremptory challenges and asked limited questions to the potential jurors.

{¶28} Defense counsel's voir dire "'does not have to take a particular form, nor do specific questions have to be asked.'" (Citation omitted.) *State v. Hartman*, 93 Ohio St.3d 274, 300, 754 N.E.2d 1150 (2001). An appellate court does not second-guess trial strategy decisions such as those made by counsel during voir dire. *State v. Hargrove*, 11th Dist. Ashtabula No. 2000-A-0068, 2002 WL 1270002, *3 (June 7, 2002).

{¶29} We decline to second-guess the decisions made by counsel during voir dire. While he may not have exercised peremptory challenges, this is easily characterized as a strategic decision based on his review of the jury members' questionnaires and answers during voir dire. As to Hall's contention that he should have inquired of the jurors regarding their feelings on the legality of marijuana, this question had already been asked by the State. When questioning the jurors, defense counsel specifically noted that many of the pertinent questions had already been asked, and stated: "[J]udging by the answers that everyone's given, we've got a good group

8

here, a good group that's willing to be fair and understand, and that's all we can ask for." He followed this up with pertinent questions regarding buying items in bulk at the store, presumably relating to the argument that Hall was purchasing a larger quantity of marijuana for personal use rather than trafficking. While Hall notes that voir dire should be used to establish a "relationship" with the jurors, it does not follow that counsel should ask unnecessary questions to that end and we find no ineffectiveness in counsel's conduct.

**{¶30}** Hall also emphasizes that counsel did not make an effort to exercise a peremptory challenge on a juror who is a law enforcement officer. He provides no analysis as to why an effective defense attorney should automatically excuse a police officer, who, when questioned about her job, stated she could be impartial and judge the case fairly.

**{¶31}** Hall next argues that trial counsel was ineffective by failing to object to the testimony of Sergeant Kemp since it was based on generalities about drug cases and was not reliable scientific, technical, or specialized information under Evid.R. 702(C) and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

**{¶32}** Evid.R. 702(C) provides that an expert witness' testimony must be "based on reliable scientific, technical, or other specialized information." Kemp's testimony established that he has 24 years of experience with the narcotics agency, as well as a bachelor's and master's degree in technical education. He has thousands of hours of specialized training relating to drug investigations and has been involved in around 5,000 drug deals. He explained his knowledge of the effects of marijuana and THC

9

content. This demonstrated he has specialized skill in the area of drug trafficking. In fact, this court has previously upheld determinations that Kemp is an expert in the field of drug trafficking and intent to sell marijuana and found his testimony on the issue of whether a defendant intended to traffic in marijuana was permissible since "'the determination of such ultimate fact requires the application of expert knowledge not within the common knowledge of the jury.'" (Citation omitted.) *State v. Freshwater*, 11th Dist. Lake No. 2018-L-117, 2019-Ohio-2968, ¶ 20.

{¶33} Hall specifically takes issue with Kemp's discussion of how many marijuana joints could be created with the marijuana in his possession and how long it would allow a person to remain high, noting that Kemp is not a chemist or forensic analyst. However, Kemp testified that he had learned about the level of intoxication from a joint by weight based upon his training. He clarified that this assessment could vary based on the size of the joint and the strength of the marijuana. This testimony was based on his extensive experience in the field and was supplemented by his observations which led to his conclusion that the details of this case were consistent with drug trafficking.

{¶34} Even presuming Kemp was not qualified to testify regarding how long an individual could remain high from smoking marijuana, his testimony regarding the number of joints that could be created was within his experience and established that the quantity of marijuana possessed was large. Thus, allowing the entirety of his testimony would not result in prejudice.

{¶35} Hall also argues that Kemp's testimony was cumulative of that offered by other witnesses. Evid.R. 403(B) provides: "Although relevant, evidence may be

10

excluded if its probative value is substantially outweighed by considerations of undue delay, or needless presentation of cumulative evidence."

{¶36} While Kemp repeated some facts previously stated by the other officers, this was necessary to discuss his conclusions regarding whether these facts demonstrated trafficking. Officers Ward and Weber were not presented as expert witnesses and Kemp provided testimony that went beyond their expertise. Trial counsel was not ineffective by failing to object to Kemp's testimony on this ground. *See Zappola v. Leibinger*, 8th Dist. Cuyahoga Nos. 86038 and 86102, 2006-Ohio-2207, ¶ 83 ("[a]lthough portions of his testimony may have been cumulative by virtue of the fact that it concerned the same cranial defect and medical product, Dr. Ammerman provided an additional perspective rather than simply a cumulative one").

{¶37} Finally, Hall argues that trial counsel was ineffective by failing to request a continuance when he had surgery days before trial and was taking pain medication, potentially prohibiting him from being able to aid in his own defense.

{¶38} While the record does evidence that Hall had ongoing health problems, there is nothing to demonstrate that he was not able to understand the trial proceedings. At no time during the trial did Hall, his counsel, the judge, or the State bring up any issues regarding Hall's participation or inability to assist in the proceedings. We cannot find trial counsel was ineffective by failing to seek a continuance. *State v. Nelson*, 8th Dist. Cuyahoga No. 100439, 2014-Ohio-2189, ¶ 38-41 (rejecting the defendant's argument that trial counsel was ineffective by failing to seek a continuance/mistrial when the defendant was under the influence of marijuana since "[n]othing in the record indicates that [he] was, in fact, impaired during trial or that his actions [of smoking

marijuana] impaired his ability to assist with his own defense").

{¶39} The first assignment of error is without merit.

{¶40} We will consider Hall's second and third assignments of error, which relate to the weight and sufficiency of the evidence, jointly.

{¶41} Crim.R. 29(A) provides, in pertinent part: "[t]he court * * * shall order the entry of a judgment of acquittal of one or more offenses charged * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." In reviewing the sufficiency of the evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

{¶42} Whereas "sufficiency of the evidence is a test of adequacy as to whether the evidence is legally sufficient to support a verdict as a matter of law, * * * weight of the evidence addresses the evidence's effect of inducing belief." *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 25, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386-387, 678 N.E.2d 541 (1997). "[A] reviewing court asks whose evidence is more persuasive—the state's or the defendant's?" *Id.* An appellate court must consider all the evidence in the record, the reasonable inferences, the credibility of the witnesses, and whether, "in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." (Citation omitted.) *Thompkins* at 387. "Since there must be sufficient evidence to take a case to the jury, it follows that 'a finding that a

12

conviction is supported by the *weight* of the evidence necessarily must include a finding of sufficiency.'" (Citation omitted.) *State v. Arcaro*, 11th Dist. Ashtabula No. 2012-A-0028, 2013-Ohio-1842, ¶ 32.

{¶43} To be convicted of Trafficking in Marijuana, the State was required to prove, beyond a reasonable doubt, that Hall did "knowingly * * * [p]repare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance" when he knew or had reasonable cause to believe that the substance was "intended for sale or resale by the offender or another person." R.C. 2925.03(A)(2).

{¶44} Hall argues that there was a lack of evidence to demonstrate that he was in possession of marijuana for purposes other than his personal use, emphasizing a lack of evidence showing he sold or planned to sell the marijuana.

{¶45} There were several facts that supported the jury's finding that Hall knowingly distributed, transported, and/or delivered marijuana for the purpose of sale. The marijuana recovered from the vehicle in two baggies was packaged in a similar manner and was in similar weights. Hall was in possession of a large sum of money, $2,859. The vehicle, which testimony established Hall commonly drove, was filled with items demonstrating transportation of marijuana in a manner consistent with trafficking, with large pieces of marijuana branches, a baggie marked with the name of a marijuana strain, and shake thick enough to coat the carpet of the trunk. Sergeant Kemp of the Lake County Narcotics Agency, who has extensive experience with drugs and drug trafficking, explained that the quantity of marijuana, the amount of money in Hall's possession, and the condition of the vehicle's trunk supported his conclusion that the activity was consistent with drug trafficking.

13

**{¶46}** Hall argues that there was no evidence proving the money seized was related to drug activity. However, the large sum of money must be evaluated in the context of the additional evidence, including Sergeant Kemp's testimony about the relationship between large sums of money and drug trafficking, and is properly weighed by the jury as a factor in its overall conclusion regarding trafficking.

**{¶47}** Hall also emphasizes that the amount of drugs possessed was relatively small, showing an intent for personal use. Again, Kemp testified that the amount "would be a lot of marijuana for one individual to consume," that it was an amount "above and beyond personal use," and it would allow for creating approximately 347 joints. Hall also argues that personal use was demonstrated through his smoking the marijuana, the presence of marijuana cigars, and the lack of items used to sell drugs such as a scale. While it is true that evidence of preparing the drugs for trafficking may make for a stronger case, this is only one factor to be considered. As to the personal use of the marijuana, Kemp testified that marijuana dealers and users are "synonymous" and sellers often also smoke marijuana. Thus, these arguments hold limited weight as the jury had to weigh the entirety of evidence and testimony.

**{¶48}** Hall maintains there was no evidence of a sale, potential sale, or customer for sale of the marijuana. However, as this court has previously noted, "[t]here is no requirement to prove any actual sale or purchaser of marijuana to demonstrate trafficking" since a defendant can be charged and convicted based on the conduct of transporting marijuana with the intent to sell. *State v. Mathis*, 11th Dist. Lake No. 2018-L-111, 2019-Ohio-2289, ¶ 25.

**{¶49}** Finally, Hall emphasizes that the shake and residue located in the trunk

14

should have been tested and, in the case of the lid, the tests for marijuana came back negative. However, there was testimony from multiple officers with experience in handling marijuana demonstrating that the substances in the trunk smelled of and looked like marijuana. The jury was in the best position to evaluate the strength and credibility of this testimony. *State v. Starkey*, 11th Dist. Ashtabula No. 2017-A-0022, 2017-Ohio-9327, ¶ 52.

{¶50} In sum, there was significant evidence to support a conviction for Trafficking in Marijuana and the jury's verdict was not against the weight of the evidence and, thus, was supported by sufficient evidence.

{¶51} The second and third assignments of error are without merit.

{¶52} In his fourth assignment of error, Hall argues that the court did not give "real consideration to imposing minimum sanctions" and "failed to properly consider a number of sentencing factors" in ordering a maximum sentence.

{¶53} "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds either * * * (a) [t]hat the record does not support the sentencing court's findings under division * * * (B) or (D) of section 2929.13 * * * [or] (b) [t]hat the sentence is otherwise contrary to law." *Id.* "[A]n appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not

support the sentence." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23.

{¶54} A court imposing a felony sentence is required to *consider* the statutory sentencing factors in R.C. 2929.11 and .12, but "there is no requirement to make specific findings or use specific language during the sentencing hearing." (Citation omitted.) *State v. Crandall*, 11th Dist. Ashtabula No. 2016-A-0030, 2016-Ohio-7920, ¶ 36. Here, it is evident that the court stated it considered the statutory factors under R.C. 2929.12. Hall contends, however, that the court did not "properly consider" the factors. Specifically, he argues that none of the "more serious" factors under R.C. 2929.12(B) apply and the court did not consider two "less serious" factors pursuant to R.C. 2929.12 (C).

{¶55} Pursuant to R.C. 2929.12(C), the trial court shall consider, inter alia, the following "as indicating that the offender's conduct is less serious than conduct normally constituting the offense": "In committing the offense, the offender did not cause or expect to cause physical harm to any person or property" and "[t]here are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense."

{¶56} This court has held that "[s]imply because the trial court did not find the factors identified by appellant to militate in favor of a less severe sentence does not imply the sentence is contrary to law," and a sentence is not contrary to law when it is "within the statutory range and there is nothing in the record to suggest the trial court ignored the factors appellant identifies on appeal." *State v. Miller*, 11th Dist. Lake No. 2018-L-133, 2019-Ohio-2290, ¶ 25. The court stated at sentencing and in the

sentencing entry that it considered the R.C. 2929.12 factors, which is sufficient to demonstrate it did so. Hall does not point to anything in the record showing the court ignored these factors and his sentence was within the statutory range.

{¶57} Moreover, the grounds Hall argues should have rendered his sentence less serious were reasonably rejected or given little weight by the trial court. To the extent that drug trafficking can result in physical harm, Hall's conduct was no different than in any other drug trafficking offense. Further, Hall's health concerns do not absolve him of the requirement to follow the law, nor does carrying a medical marijuana card, presuming it was in effect at the time of the offense, allow a defendant to traffic marijuana. Regardless of whether there were no "more serious" factors present under R.C. 2929.12(B), seriousness factors cannot be viewed in a vacuum but must be weighed against the recidivism factors, with this court recognizing that "the trial court is not obligated * * * to give any particular weight or consideration to any [R.C. 2929.12] sentencing factor." (Citation omitted.) *State v. Pishner*, 11th Dist. Portage No. 2017-P-0004, 2017-Ohio-8689, ¶ 20. Hall has an extensive criminal record with several felony drug offenses. He committed the present crime while on post-release control for a drug possession offense, a fact the court is required to consider under R.C. 2929.12(D)(1) in issuing a sentence for the new offense in addition to imposing any penalty for the post-release control violation. This demonstrates a failure to respond favorably to past sanctions and a higher risk of recidivism. The court properly took the foregoing into account in weighing all of the factors.

{¶58} Finally, while Hall takes issue with the fact that the court did not give "real consideration" to imposing a less than maximum term, we emphasize that "[t]rial courts

17

have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum * * * or more than the minimum sentences." *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, paragraph three of the syllabus. There is no question that the court sentenced Hall within the proper range and it was not required to specifically state its rationale for ordering a maximum sentence, although we emphasize that the court's concern with Hall's criminal record demonstrated the basis for its sentence.

{¶59} The fourth assignment of error is without merit.

{¶60} For the foregoing reasons, Hall's conviction and sentence for Trafficking in Marijuana in the Lake County Court of Common Pleas are affirmed. Costs to be taxed against appellant.

THOMAS R. WRIGHT, P.J.,

MARY JANE TRAPP, J.,

concur.